# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

GERALD MORGAN                                :
2499 Slateshire Drive                        :       Case No. 2:19-cv-2982
Dublin, Ohio 43016,                          :
                                             :       Judge _____
        Plaintiff,                           :
                                             :
                                             :
        v.                                   :       **COMPLAINT**
                                             :
HITACHI VANTARA CORPORATION                  :
c/o CORPORATION SERVICE COMPANY              :
50 West Broad Street, Suite 1330             :
Columbus, Ohio 43215,                        :
                                             :
                                             :
        and                                  :
                                             :
LIBERTY LIFE ASSURANCE COMPANY               :
    OF BOSTON                                :
c/o CSC LAWYERS INCORPORATING SERVICE        :
50 West Broad Street, Suite 1800             :
Columbus, Ohio 43215,                        :
                                             :
                                             :
        and                                  :
                                             :
HITACHI DATA SYSTEMS' HEALTH AND             :
    WELFARE BENEFITS PLAN                    :
c/o HITACHI VANTARA CORPORATION              :
c/o CORPORATION SERVICE COMPANY              :
50 West Broad Street, Suite 1330             :
Columbus, Ohio 43215,                        :
                                             :
        Defendants.                          :

## NATURE OF THE ACTION

1.      This is an action by a former employee and Participant in an Employee Welfare

Benefit Plan against his former employer (also the Plan Sponsor and Plan Administrator), the Plan,

and the claims administrator regarding long-term disability income benefits. Defendant Hitachi

Data Systems' Health and Welfare Benefits Plan (the "Plan") is governed by the Employee

Retirement Income Security Act of 1974 ("ERISA"). This action is brought specifically under 29 U.S.C. § 1132, to recover benefits due to Plaintiff under the terms of the Plan, to enforce his rights under the terms of the Plan, to obtain equitable relief on the basis of promissory estoppel, and for attorney fees and costs.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to ERISA, 29 U.S.C. § 1132.

3. Venue is proper in this District pursuant to the provisions of ERISA, 29 U.S.C. § 1132(e), because the breaches took place in the Southern District of Ohio.

## PARTIES

4. Plaintiff is a former employee of Defendant Hitachi Data Systems Corporation n/k/a Hitachi Vantara Corporation, in Columbus, Ohio. Plaintiff became employed as a Specialist Sales Account Representative in Columbus, Ohio on or about October 11, 2010.

5. Defendant Hitachi Vantara Corporation (hereinafter "Hitachi") is the Plan Administrator and Plan Sponsor for the Plan. Defendant Hitachi is a Delaware corporation with locations in Ohio, including the one where Plaintiff was employed.

6. Defendant Plan is the Employee Welfare Benefit Plan for Hitachi employees, which provides, among other benefits, the long-term disability income benefit at issue herein.

7. Defendant Liberty Life Assurance Company of Boston (hereinafter "Liberty Mutual") is an insurance company registered in the State of Ohio and the claims administrator for the long-term disability income benefit at issue herein.

2

## FACTUAL ALLEGATIONS

8. At all times during Plaintiff's active employment, Defendant Hitachi maintained the Plan as Plan Sponsor and Plan Administrator to provide welfare benefits to its employees. A true and accurate copy of the Hitachi Data Systems' Health and Welfare Benefits Adoption Agreement, Plan and Summary Plan Description effective as of Mr. Morgan's date of disability is attached hereto and labeled **Exhibit 1**.

9. The Summary Plan Description, according to the "Adoption Agreement," is "the Hitachi Data Systems' Health and Welfare Plan Document, Appendices 1, 2 and 3 to the Hitachi Data Systems' Health and Welfare Plan Document, this Adoption Agreement to the Hitachi Data Systems' Health and Welfare Plan Document, along with the Evidences of Coverage or Benefit Booklets that apply to the Coverage(s) in which a Participant is enrolled, and any summaries of material modifications ('SMMS')." (Ex. 1, p. 3).

10. The Group Disability Income Policy administered by Defendant Liberty Mutual in effect at the time of Mr. Morgan's date of disability is attached hereto and labeled **Exhibit 2**.

11. Pursuant to the Adoption Agreement that is part of the Plan Document, Defendant Hitachi, as Plan Administrator, delegated discretionary authority to determine claims to the insurance carriers. Accordingly, Defendant Liberty Mutual holds discretionary authority for long-term disability income claims under the Plan.

12. When Plaintiff was hired at Defendant Hitachi, he was guaranteed a salary of no less than $200,000.00.

13. For the year beginning April 1, 2015, Plaintiff's base income was $230,000.00, as evidenced in the Sales Commission Plan he executed. A true and accurate copy of the 2015 Sales Commission Plan is attached hereto and labeled **Exhibit 3**.

14.     Plaintiff's actual income was considerably higher than the base income set forth in the Sales Commission Plan. The $230,000.00 figure did not include commissions, accelerators, or bonuses. It was Plaintiff's on-target earnings – or base pay.

15.     "IB" as listed in the Sales Commission Plan stands for "Incentive Base."

16.     Plaintiff enrolled in Defendant Plan's disability income benefit coverage for the 2015 calendar year.

17.     Defendant Hitachi provided employees Benefits Guides for enrollment purposes each year Plaintiff was employed.

18.     A true and accurate copy of the 2015 Benefits Guide, the document under which Mr. Morgan applied for benefits for the year in which his disability began, is attached hereto and labeled **Exhibit 4**.

19.     The 2015 Benefits Guide states, "When illness or injury makes it impossible for you to work for an extended period of time, the Long-Term Disability coverage will replace 60% of your pre-disability monthly income as defined in the Summary Plan Description to a maximum benefit of $15,000 per month." (Ex. 4, p. 31).

20.     The Summary Plan Description, via the Group Disability Income Policy, sets forth the benefit at 60% of Basic Monthly Earnings not to exceed a Maximum Monthly Benefit of $15,000.00. (Ex. 2, p. DOP3-SCH-0002).

21.     The Summary Plan Description, via the Group Disability Income Policy, defines "Basic Monthly Earnings" as "the Covered Person's monthly rate of earnings from the Sponsor in effect immediately prior to the date Disability or Partial Disability begins. Earnings will be defined as either, base pay and the short-term incentive (STI) target at 100%, or as a benefit target

4

compensation amount. Earnings type to be defined by the Sponsor. Such earnings will not include other forms of compensation." (Ex. 2, p. DOP3-DEF-0001).

22.     Benefit target compensation amount is not defined in the Group Disability Income Policy or elsewhere in the Plan Document or Summary Plan Description.

23.     The Summary Plan Description contains no other information describing the pre-disability income applicable to the disability income benefit.

24.     While working at Defendant Hitachi, Plaintiff was never informed by any person or entity that Defendant Hitachi had selected a benefit target compensation amount to apply to him or what such an amount would be.

25.     Plaintiff was never provided any information, nor was any information ever made available to him, indicating that his disability income would be based on a figure less than his base pay set forth in his Sales Commission Plan and/or his actual income.

26.     Plaintiff reasonably relied on the 2015 Benefits Guide and available documentation to conclude that his disability income benefit would be based upon at least his base pay of $230,000.00 set forth in his Sales Commission Plan, if not his higher actual income.

27.     If Plaintiff had been informed that his disability income benefit would be based on a number lower than his base pay set forth in his Sales Commission Plan, he would have purchased supplemental disability income insurance.

28.     Plaintiff did not purchase supplemental disability income insurance for the year 2015 in reliance upon the information provided by Hitachi.

29.     Plaintiff's last date of active work was on or about June 9, 2015.

5

30.     June 10, 2015, is Plaintiff's date of disability for a variety of illnesses, including, but not limited to, acute subacute subdural hematoma and hydrocephalous, and the resulting damage of the various medical procedures he endured.

31.     Plaintiff applied for short-term disability benefits and then long-term disability income benefits under the Plan and was approved for both claims.

32.     Plaintiff has not been released to work since his disability began on or about June 10, 2015.

33.     The Group Disability Income Policy provides a one-year elimination period (the period during which Plaintiff received short-term disability benefits).

34.     The monthly benefit calculated at 60% of the $230,000.00 base pay set forth in Plaintiff's Sales Commission Plan would be approximately $11,500.00, well below the $15,000.00 Maximum Monthly Benefit allowed.

35.     Defendant Liberty Mutual has been paying Plaintiff a monthly benefit of approximately $8,750.00 rather than $11,500.00.

36.     Plaintiff did not know why he was receiving a monthly benefit lower than it should be based upon his base pay.

37.     Upon an inquiry from Plaintiff, through counsel, Defendant Liberty Mutual stated via letter dated November 28, 2017, that a benefit target compensation amount of $175,000.00 was provided by Defendant Hitachi via a screen shot from its system. A true and accurate copy of the November 28, 2017, letter is attached hereto and labeled **Exhibit 5.**

38.     The information stated by Defendant Liberty Mutual is not information that was ever provided to Mr. Morgan by Defendant Hitachi or any other entity prior to his date of disability.

6

39.     $175,000.00 is not a figure that relates in any way to Plaintiff's base pay or actual income, and the figure holds no familiarity or meaning for him.

40.     On or about December 15, 2017, Plaintiff, through counsel, made an information request to Defendant Hitachi. A true and accurate copy of the information request is attached hereto and labeled **Exhibit 6**. Within this request, Plaintiff, through counsel, requested, "[a]ll correspondence sent to Mr. Morgan from 2010 to present regarding the definitions applicable to the long-term disability income benefit, including a description of how the information would have allegedly been transmitted to Mr. Morgan and any evidence of receipt."

41.     Defendant Hitachi, as the Plan Administrator, failed to respond within thirty days as required under 29 U.S.C. § 1132(c)(1).

42.     On or about January 29, 2018, Defendant Hitachi provided an incomplete response to the information request. A true and accurate copy of the response, without attachments, is attached hereto and labeled **Exhibit 7**.

43.     On or about February 9, 2018, Plaintiff, through counsel, made a second request for the original items. A true and accurate copy of the February 9, 2018 request is attached hereto and labeled **Exhibit 8**.

44.     Defendant Hitachi, as the Plan Administrator, failed to respond within twenty-one days of the February 9, 2018, letter, as requested due to the fact that the initial response was incomplete.

45.     On or about March 13, 2018, Plaintiff, through counsel, made a third request for the original items. A true and accurate copy of the March 13, 2018, request is attached hereto and labeled **Exhibit 9.**

7

46. On or about March 15, 2018, Defendant Hitachi provided a further incomplete response. In the March 15, 2018 response, Defendant Hitachi specifically stated that it did not "have records of correspondence with Mr. Morgan regarding his LTD income benefit." A true and accurate copy of the March 15, 2018 response, without attachments, is attached hereto and labeled **Exhibit 10**.

47. On or about April 17, 2018, Plaintiff, through counsel, filed a claim for the correct calculated benefit amount utilizing the $230,000.00 base pay figure. A true and accurate copy of the April 17, 2018 claim letter is attached hereto and labeled **Exhibit 11**.

48. Defendant Liberty Mutual denied the claim via letter dated July 12, 2018. A true and accurate copy of the July 12, 2018 denial letter is attached hereto and labeled **Exhibit 12**.

49. Via letter dated July 24, 2018, Plaintiff, through counsel, requested a complete copy of the claim file. A true and accurate copy of the July 24, 2018 correspondence is attached hereto and labeled **Exhibit 13**. The claim file was provided on or about July 25, 2018.

50. On or about September 7, 2018, Plaintiff, through counsel, requested a review of the July 12, 2018 decision pursuant to the terms of the Plan. A true and accurate copy of the September 7, 2018 request for review is attached hereto and labeled **Exhibit 14**.

51. Defendant Liberty Mutual denied Plaintiff's request for review via correspondence dated October 17, 2018. A true and accurate copy of the October 17, 2018 denial letter is attached hereto and labeled **Exhibit 15**. In the letter, Defendant Liberty Mutual acknowledged that Plaintiff exhausted his administrative rights to review the claim.

### FIRST CLAIM FOR RELIEF
**(Under 29 U.S.C. § 1132(a)(1)(B))**

52. Plaintiff incorporates paragraphs 1 through 51 stated above as if fully restated herein.

8

53.     Defendant Plan is an "Employee Benefit Plan," an "Employee Welfare Plan," and an "Employee Welfare Benefit Plan" as defined in 29 U.S.C. § 1002, and used in 29 U.S.C. § 1132.

54.     Defendant Hitachi is an "Employer," the "Plan Sponsor," and the "Plan Administrator" as these terms are defined in 29 U.S.C. § 1002, and used in 29 U.S.C. § 1132.

55.     Defendant Liberty Mutual is the claims administrator for the long-term disability income benefit under the Plan and is the party responsible for adjudicating the claims for benefits.

56.     Plaintiff is a "Participant" in the Plan as defined in 29 U.S.C. § 1002, and used in 29 U.S.C. § 1132.

57.     Neither the Plan Document nor the Summary Plan Description contain information establishing that Plaintiff was allocated a benefit target compensation amount or what that amount would be.

58.     No information provided or available to Plaintiff informed him that a benefit target compensation amount was selected for him and what that amount was.

59.     Defendant Hitachi did not actually elect a benefit target compensation amount for Plaintiff prior to the date of his disability.

60.     The information provided to Plaintiff with regard to his base pay and pre-disability income establishes that his long-term disability benefit amount should be based on $230,0000.00 or more in base pay.

61.     The evidence Defendant Liberty Mutual obtained from Defendant Hitachi upon which it based its claim denial is inadequate.

62. Defendant Liberty Mutual never addressed Plaintiff's assertion that Defendant Hitachi never elected a benefit target compensation amount (an undefined term) or informed him that his benefit would be based on less than his pre-disability income.

63. Defendant Liberty Mutual's claim denial was arbitrary and capricious and constitutes an abuse of discretion.

64. By denying Plaintiff's claim for increased benefits, the Defendants have violated the terms of the Plan.

65. Plaintiff is empowered by 29 U.S.C. § 1132(a)(1)(B) to enforce his rights under the Plan to the correct amount for the long-term disability income benefit.

## SECOND CLAIM FOR RELIEF
### (Under 29 U.S.C. § 1132(a)(3)(b))

66. Plaintiff incorporates paragraphs 1 through 65 stated above as if fully restated herein.

67. The Plan Document and Summary Plan Description are ambiguous regarding what amount of Basic Monthly Earnings would apply to calculate Plaintiff's long-term disability income benefit.

68. Defendant Hitachi was aware that Plaintiff had been provided no information informing him whether it had elected a benefit target compensation amount or what that would be.

69. The 2015 Benefits Guide amounted to a representation of material fact by Defendant Hitachi to Plaintiff that his long-term disability income benefit amount for a disability that occurred in 2015 would be based on his pre-disability income.

70. $175,000.00 was not Plaintiff's pre-disability income.

71. Defendant Hitachi was aware that there was no illuminating information on Plaintiff's pre-disability income amount contained in the Summary Plan Description.

10

72.     Defendant Hitachi was aware that the only information Plaintiff had been provided about his pre-disability income were his paychecks and the 2015 Sales Commission Plan.

73.     The 2015 Benefits Guide reasonably led Plaintiff to believe that, in the event of a disability, his long-term disability income benefit would be based on his actual income or at least the base pay set forth in his 2015 Sales Commission Plan.

74.     Plaintiff reasonably relied on that information to determine the sufficiency of the employer-provided long-term disability income benefit and to not purchase additional disability income benefits.

75.     Plaintiff was uninformed and had no information available to determine that Defendant Hitachi had a elected a benefit target compensation amount to apply to him or what that amount would be.

76.     Plaintiff is empowered by 29 U.S.C. § 1132(a)(3), to obtain equitable relief for promissory estoppel against Defendant Hitachi to recover the correct amount of the long-term disability income benefit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief to be awarded by the Court:

1.     A declaratory judgment pursuant to 29 U.S.C. § 1132(a)(1)(B) and 28 U.S.C. § 2201, declaring that Defendants are obligated under the terms of the Plan to provide the long-term disability benefit income amount based on the $230,000.00 base pay figure to Plaintiff.

2.     An Order compelling Defendant Liberty Mutual to process Plaintiff's claim and to pay the disability income benefit amount based on the $230,000.00 base pay figure under the Plan pursuant to its terms effective July 10, 2016.

11

3. An Order compelling Defendants to pay Plaintiff all attorney fees and costs incurred in the investigation, initiation, and prosecution of the claims of this action;

4. Prejudgment and post-judgment interest; and

5. All other relief this Court deems appropriate.

Respectfully submitted,

/s/ Kristin Seifert Watson
Kristin Seifert Watson (0078032)
Cloppert, Latanick, Sauter & Washburn
225 East Broad Street, 4th Floor
Columbus, Ohio 43215-3709
Telephone:    (614) 461-4455
Facsimile:    (614) 621-6293
E-mail kwatson@cloppertlaw.com

*Trial Attorney for Plaintiff*

S:\Clients\m\Morgan, Jay\Complaint.docx