IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD MORGAN, | § | |
| | § | |
| Plaintiff, | § | Case No. 2:19cv02982-EAS-CMV |
| | § | |
| v. | § | |
| | § | Chief District Judge Edmund A. Sargus, Jr. |
| HITACHI VANTARA CORPORATION, | § | |
| LIBERTY LIFE ASSURANCE COMPANY | § | |
| OF BOSTON, AND HITACHI DATA | § | Magistrate Judge Chelsey M. Vascura |
| SYSTEMS' HEALTH AND WELFARE | § | |
| BENEFITS PLAN, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Gerald Morgan ("Plaintiff"), and Counterclaim, and states as follows:

1. Liberty Life admits that by this action, Plaintiff is seeking recovery of additional long term disability ("LTD") benefits from the Hitachi Data Systems' Health and Welfare Benenfits Plan (the "Hitachi Plan") sponsored by Plaintiff's employer, Hitachi Data Systems Corporation (now known as Hitachi Vantara Corporation) ("Hitachi"), and that the Hitachi Plan is an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 et seq., but Liberty Life denies Plaintiff is entitled to any such recovery from Liberty Life. Liberty Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. Liberty Life admits this Court has subject matter jurisdiction and that this action is governed by ERISA, 29 U.S.C. § 1001 et seq. Liberty Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Liberty Life admits venue is proper in this District. Liberty Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4. Liberty Life admits that Plaintiff was, at certain times, employed by Hitachi as a Sales Account Representative in Hitachi's Columbus, Ohio location beginning on or about October 11, 2010. Liberty Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Liberty Life admits that, at certain times, Hitachi sponsored the Hitachi Plan, to provide benefits to certain of its employees. Liberty Life is without sufficient information regarding Hitachi's status as a business entity, and accordingly, denies these and all remaining allegations contained in Paragraph 5 of the Complaint.

6. Liberty Life admits that, at certain times, Hitachi sponsored the Hitachi Plan, to provide benefits, including LTD benefits, to certain of its employees. Liberty Life denies all remaining allegations contained in paragraph 6 of the Complaint.

7. Liberty Life admits it is a New Hampshire Corporation with its principal place of business in Radnor, Pennsylvania and that is licensed to do business in Ohio. Liberty Life admits that, at certain times, it was the insurer of LTD benefits from the Hitachi Plan through Policy issued to Hitachi by Liberty Life. Liberty Life admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Hitachi Plan under the Policy. Liberty Life specifically denies it

was the Plan Administrator of the Hitachi Plan and denies all remaining allegations contained in Paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8. Liberty Life admits that Plaintiff was, at certain times, employed by Hitachi and that, at certain times, Hitachi sponsored the Hitachi Plan, to provide benefits to certain of its employees. Liberty Life further admits only that a document titled "Hitachi Data Systems' Health and Welfare Benefits Adoption Agreement, Plan and Summary Plan Description" ("Hitachi SPD") is attached as Exhibit 1 to Plaintiff's Complaint, and Liberty Life refers to the Exhibit itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in paragraph 8 of the Complaint.

9. Liberty Life admits only that a document titled "Hitachi Data Systems' Health and Welfare Benefits Adoption Agreement, Plan and Summary Plan Description" is attached as Exhibit 1 to Plaintiff's Complaint, and Liberty Life refers to the Exhibit itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in paragraph 9 of the Complaint.

10. Liberty Life admits only that a copy of the Policy issued by Liberty Life to Hitachi on Janaury 1, 2014, is attached as Exhibit 2 to Plaintiff's Complaint. Liberty Life denies all remaining allegations contained in paragraph 10 of the Complaint.

11. Liberty Life admits the Policy and the documents governing the Hitachi Plan includes language pertaining to discretionary authority, but Liberty Life refers to the Policy and plan documents themselves as the best evidence of their contents. To the extent that the allegations contained in Paragraph 11 seek to interpret the Policy and the documents governing the Hitachi Plan, Liberty Life refers to the Policy and documents governing the Hitachi Plan as the best evidence of their contents. Liberty Life admits that, at certain times, it held discretionary authority as delegated

by Hitachi and as stated in the Policy, as it was, at certain times, the claims administrator of claims for LTD benefits from the Hitachi Plan under the Policy. Liberty Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. The allegations contained in Paragraph 12 appear to pertain to Defendant Hitachi and, accordingly, Liberty Life is not required to respond. To the extent a response is required, Liberty Life is without sufficient knowledge regarding any salary guarantees that may have been made by Hitachi to Plaintiff, and accordingly, Liberty Life must deny the allegations contained in Paragraph 12 of the Complaint.

13. Liberty Life admits only that a document titled "Sales Commission Plan" is attached as Exhibit 3 to Plaintiff's Complaint, and Liberty Life refers to the Exhibit itself as the best evidence of its contents. Liberty Life admits that certain documents concerning Plaintiff's "Basic Monthly Earnings," as defined by the Policy, are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in paragraph 13 of the Complaint.

14. Liberty Life admits that certain documents concerning Plaintiff's "Basic Monthly Earnings," as defined by the Policy, are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in paragraph 14 of the Complaint.

15. Liberty Life admits that certain documents concerning Plaintiff's "Basic Monthly Earnings," as defined by the Policy, are contained in the administrative record regarding Plaintiff's

claim for LTD benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in paragraph 15 of the Complaint.

16. Liberty Life admits Plaintiff was, at certain times including 2015, a participant in the Hitachi Plan. Liberty Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. The allegations contained in Paragraph 17 appear to pertain to Defendant Hitachi and, accordingly, Liberty Life is not required to respond. To the extent a response is required, Liberty Life is without sufficient knowledge regarding any documents that may have been provided by Hitachi to its employees, and accordingly, Liberty Life must deny the allegations contained in Paragraph 17 of the Complaint.

18. Liberty Life admits only that a document titled "2015 Open Enrollment Benefits Guide" is attached as Exhibit 4 to Plaintiff's Complaint, and Liberty Life refers to the Exhibit itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in paragraph 18 of the Complaint.

19. Liberty Life admits only that a document titled "2015 Open Enrollment Benefits Guide" is attached as Exhibit 4 to Plaintiff's Complaint, and Liberty Life refers to the Exhibit itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in paragraph 19 of the Complaint.

20. To the extent that the allegations contained in Paragraph 20 seek to interpret the provisions of the Policy or the Hitachi SPD, Liberty Life refers to those documents themselves as the

best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. To the extent that the allegations contained in Paragraph 21 seek to interpret the provisions of the Policy or the Hitachi SPD, Liberty Life refers to those documents themselves as the best evidence of their contents. Liberty Life admits the Policy includes language pertaining to the definition of "Basic Monthly Earnings" as applicable to a participant's claim for LTD benefits under the Policy, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. To the extent that the allegations contained in Paragraph 22 seek to interpret the Policy and the documents governing the Hitachi Plan, Liberty Life refers to the Policy and documents governing the Hitachi Plan as the best evidence of their contents. Liberty Life admits that certain documents concerning Plaintiff's "Basic Monthly Earnings," as defined by the Policy, are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. To the extent that the allegations contained in Paragraph 23 seek to interpret the Policy and the documents governing the Hitachi Plan, Liberty Life refers to the Policy and documents governing the Hitachi Plan as the best evidence of their contents. Liberty Life admits that certain documents concerning Plaintiff's "Basic Monthly Earnings," as defined by the Policy, are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. To the extent that the allegations contained in Paragraph 24 seek to interpret the Policy and the documents governing the Hitachi Plan, Liberty Life refers to the Policy and documents governing the Hitachi Plan as the best evidence of their contents. Liberty Life is without sufficient knowledge to either admit or deny allegations concerning Plaintiff's knowledge about his LTD benefit other than what was communicated to him by the Policy and the documents governing the Hitachi Plan, and accordingly, must deny the allegations contained in Paragraph 24 of the Complaint.

25. To the extent that the allegations contained in Paragraph 25 seek to interpret the Policy and the documents governing the Hitachi Plan, Liberty Life refers to the Policy and documents governing the Hitachi Plan as the best evidence of their contents. Liberty Life is without sufficient knowledge to either admit or deny allegations concerning Plaintiff's knowledge about his LTD benefit other than what was communicated to him by the Policy and the documents governing the Hitachi Plan, and accordingly, must deny the allegations contained in Paragraph 25 of the Complaint

26. Liberty Life denies the allegations contained in Paragraph 26 of the Complaint.

27. Liberty Life is without sufficient knowledge to either admit or deny allegations concerning Plaintiff's reliance on documents and conclusions made by Plaintiff, and accordingly, must deny the allegations contained in Paragraph 27 of the Complaint.

28. Liberty Life is without sufficient knowledge to either admit or deny allegations concerning Plaintiff's reliance on documents and conclusions made by Plaintiff, and accordingly, must deny the allegations contained in Paragraph 28 of the Complaint.

29. Liberty Life admits that Plaintiff's last day of work at Hitachi was June 9, 2015. Liberty Life denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Liberty Life admits that Plaintiff's date of disability was June 10, 2015, and that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Liberty Life admits the allegations contained in Paragraph 31 of the Complaint.

32. Liberty Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Liberty Life admits the Policy includes language pertaining to the definition of "Elimination Period" as applicable to a participant's claim for LTD benefits under the Policy, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Liberty Life admits that certain documents concerning Plaintiff's LTD benefit amount are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in paragraph 34 of the Complaint

35. Liberty Life admits only that Plaintiff's gross monthly benefit was calculated as $8,750.00. Liberty Life admits that certain documents concerning Plaintiff's LTD benefit amount

are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Liberty Life is without sufficient information regarding Plaintiff's knowledge to either admit or deny the alleagtions contained in Paragraph 36 of the Complaint.

37. Liberty Life admits it sent a letter to Plaintiff's counsel dated November 28, 2017, a copy of which was attached as Exhibit 5 to Plaintiff's Complaint, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Liberty Life admits that certain documents concerning Plaintiff's "Basic Monthly Earnings," as defined by the Policy, are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits the Policy includes language pertaining to the definition of "Basic Monthly Earnings" as applicable to a participant's claim for LTD benefits under the Policy, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life is without sufficient information regarding Plaintiff's knowledge to either admit or deny the remaining alleagtions contained in Paragraph 38 of the Complaint.

39. Liberty Life admits that certain documents concerning Plaintiff's "Basic Monthly Earnings," as defined by the Policy, are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits the Policy includes language pertaining to the definition of "Basic Monthly Earnings" as applicable to a participant's claim for LTD benefits under

the Policy, but Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life is without sufficient information regarding Plaintiff's knowledge to either admit or deny the remaining alleagtions contained in Paragraph 39 of the Complaint.

40. The allegations contained in Paragraph 40 pertain to Defendant Hitachi and, accordingly, Liberty Life is not required to respond. To the extent a response is required, Liberty Life is without sufficient knowledge to either admit or deny the allegations concerning communications between Plaintiff's counsel and Hitachi. Liberty Life admits only that Exhibit 6 to the Complaint appears to be a letter dated December 15, 2017, from Plaintiff's counsel to Hitachi, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. The allegations contained in Paragraph 41 pertain to Defendant Hitachi and, accordingly, Liberty Life is not required to respond. To the extent a response is required, Liberty Life is without sufficient knowledge to either admit or deny the allegations concerning communications between Plaintiff's counsel and Hitachi.

42. The allegations contained in Paragraph 42 pertain to Defendant Hitachi and, accordingly, Liberty Life is not required to respond. To the extent a response is required, Liberty Life is without sufficient knowledge to either admit or deny the allegations concerning communications between Plaintiff's counsel and Hitachi. Liberty Life admits only that Exhibit 7 to the Complaint appears to be a letter dated January 29, 2018, from Hitachi to Plaintiff's counsel, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. The allegations contained in Paragraph 43 pertain to Defendant Hitachi and, accordingly, Liberty Life is not required to respond. To the extent a response is required, Liberty Life is without sufficient knowledge to either admit or deny the allegations concerning communications between Plaintiff's counsel and Hitachi. Liberty Life admits only that Exhibit 8 to the Complaint appears to be a letter dated February 9, 2018, from Plaintiff's counsel to Hitachi, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. The allegations contained in Paragraph 44 pertain to Defendant Hitachi and, accordingly, Liberty Life is not required to respond. To the extent a response is required, Liberty Life is without sufficient knowledge to either admit or deny the allegations concerning communications between Plaintiff's counsel and Hitachi.

45. The allegations contained in Paragraph 45 pertain to Defendant Hitachi and, accordingly, Liberty Life is not required to respond. To the extent a response is required, Liberty Life is without sufficient knowledge to either admit or deny the allegations concerning communications between Plaintiff's counsel and Hitachi. Liberty Life admits only that Exhibit 9 to the Complaint appears to be a letter dated March 13, 2018, from Plaintiff's counsel to Hitachi, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. The allegations contained in Paragraph 46 pertain to Defendant Hitachi and, accordingly, Liberty Life is not required to respond. To the extent a response is required, Liberty Life is without sufficient knowledge to either admit or deny the allegations concerning communications between Plaintiff's counsel and Hitachi. Liberty Life admits only that Exhibit 10 to

the Complaint appears to be a letter dated March 15, 2018, from Hitachi to Plaintiff's counsel, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Liberty Life admits it received a letter from Plaintiff's counsel dated April 17, 2018, a copy of which was attached as Exhibit 11 to Plaintiff's Complaint, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Liberty Life admits it sent a letter to Plaintiff's counsel dated July 12, 2018, a copy of which was attached as Exhibit 12 to Plaintiff's Complaint, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Liberty Life admits it received a letter from Plaintiff's counsel dated July 24, 2018, a copy of which was attached as Exhibit 13 to Plaintiff's Complaint, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life admits that it sent a copy of the administrative record regarding Plaintiff's claim for LTD benefits from the Plan to Plaintiff's counsel on or about July 25, 2018. Liberty Life denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Liberty Life admits it received a letter from Plaintiff's counsel dated September 7, 2018, a copy of which was attached as Exhibit 14 to Plaintiff's Complaint, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Liberty Life admits it sent a letter to Plaintiff's counsel dated October 17, 2018, a copy of which was attached as Exhibit 15 to Plaintiff's Complaint, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 51 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Under 29 U.S.C. § 1132(a)1)(B))**

52. Liberty Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 51 of the Complaint as though fully set forth in response to Paragraph 52 of the Complaint.

53. Liberty Life admits that the Hitachai Plan is an employee benefit plan governed by ERISA. To the extent that Paragraph 53 contains legal conclusions, Liberty Life is not required to respond. Liberty Life denies all remaining allegations contained in paragraph 53 of the Complaint.

54. Liberty Life admits that, at certain times, Hitachi sponsored the Hitachi Plan, to provide benefits to certain of its employees. To the extent that Paragraph 54 contains legal conclusions, Liberty Life is not required to respond. Liberty Life denies all remaining allegations contained in paragraph 54 of the Complaint.

55. Liberty Life admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Hitachi Plan under the Policy. Liberty Life specifically denies it was the Plan Administrator of the Hitachi Plan and denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. Liberty Life admits Plaintiff was, at certain times, a participant in the Hitachi Plan. To the extent that Paragraph 56 contains legal conclusions, Liberty Life is not required to respond. Liberty Life denies all remaining allegations contained in paragraph 56 of the Complaint.

57. Liberty Life admits that certain documents concerning Plaintiff's "Basic Monthly Earnings," as defined by the Policy, are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits the Policy and documents governing the Plan include language pertaining to the definition of "Basic Monthly Earnings" as applicable to a participant's claim for LTD benefits under the Policy, but Liberty Life refers to the Policy and other documents themselves as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. The allegations contained in Paragraph 58 appear to pertain to Defendant Hitachi and, accordingly, Liberty Life is not required to respond. To the extent a response is required, Liberty Life admits that certain documents concerning Plaintiff's "Basic Monthly Earnings," as defined by the Policy, are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. To the extent a response is further required, Liberty Life is without sufficient knowledge regarding any documents that may have been provided by Hitachi to its employees, and accordingly, Liberty Life must deny the allegations contained in Paragraph 58 of the Complaint.

59. The allegations contained in Paragraph 59 appear to pertain to Defendant Hitachi and, accordingly, Liberty Life is not required to respond. To the extent a response is required, Liberty Life admits that certain documents concerning Plaintiff's "Basic Monthly Earnings," as defined by

the Policy, are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. To the extent a response is further required, Liberty Life is without sufficient knowledge regarding any documents that may have been provided by Hitachi to its employees, and accordingly, Liberty Life must deny the allegations contained in Paragraph 59 of the Complaint.

60. The allegations contained in Paragraph 60 appear to pertain to Defendant Hitachi and, accordingly, Liberty Life is not required to respond. To the extent a response is required, Liberty Life admits that certain documents concerning Plaintiff's "Basic Monthly Earnings," as defined by the Policy, are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. To the extent a response is further required, Liberty Life is without sufficient knowledge regarding any documents that may have been provided by Hitachi to its employees, and accordingly, Liberty Life must deny the allegations contained in Paragraph 60 of the Complaint.

61. Liberty Life admits that certain documents concerning Plaintiff's "Basic Monthly Earnings," as defined by the Policy, are contained in the administrative record regarding Plaintiff's claim for LTD benefits from the Plan, but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Liberty Life denies all allegations contained in Paragraph 62 of the Complaint.

63. Liberty Life denies all allegations contained in Paragraph 63 of the Complaint.

64. Liberty Life denies all allegations contained in Paragraph 64 of the Complaint.

65. To the extent that Paragraph 65contains legal conclusions, Liberty Life is not required to respond. Liberty Life admits only that by this action, Plaintiff is seeking recovery of additional LTD benefits from the Hitachi Plan, but Liberty Life denies Plaintiff is entitled to any such recovery from Liberty Life. Liberty Life denies all remaining allegations contained in paragraph 65 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(Under 29 U.S.C. § 1132(a)(3)(b))**

66. Liberty Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 65 of the Complaint as though fully set forth in response to Paragraph 66 of the Complaint.

67.-76. To the extent the allegations contained in Paragraphs 67 though 76 pertain to Defendants Hitachi and the Hitachi Plan, Liberty Life is not required to respond. To the extent a response is required, Liberty Life denies all remaining allegations contained in Paragraphs 67 through 76 of the Complaint.

Liberty Life denies that Plaintiff is entitled to the relief requested in the Wherefore Paragraph of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

For further defense, if such be necessary, Liberty Life shows the Court as follows:

1. Plaintiff's Complaint fails to state a claim on which relief may be granted.

2. The damages, if any, claimed by Plaintiff are limited to those available under ERISA.

3. Plaintiff's claims are barred, in whole or part, under waiver, estoppel, unclean hands, and laches.

4. The standard of review by the District Court in this case should be whether Liberty Life's decision was arbitrary and capricious, because the Policy and relevant plan documents contain sufficient discretionary language to invoke this standard.

5. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the Policy, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and disability benefits Plaintiff and/or his dependent(s) have received from the Social Security Administration.

6. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the Policy, resulting from Plaintiff's or her agent's receipt of recovery from the person by whom the injuries resulting in the asserted disability were caused.

7. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

8. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

9. Liberty Life reserves the right to assert additional defenses based on discovery in this action.

## COUNTERCLAIM

In response to the allegations contained in the Complaint, Liberty Life asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Liberty Life in accordance with

the terms of the document governing the Plans. Liberty Life also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Liberty Life or the Social Security Administration currently in the possession of Plaintiff. Additionally, Liberty Life seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Liberty Life. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document governing the plan, Plaintiff is obligated and specifically agreed to reimburse Liberty Life for the retroactive amounts Plaintiff received from the Social Security Administration. Plaintiff has failed and refused to make reimbursement to Liberty Life in breach of the terms of the plan. Liberty Life is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

## PRAYER

WHEREFORE, having fully answered Plaintiff's Complaint, Liberty Life requests that the Court enter judgment that Plaintiff recovers nothing by this action; enter judgment in Liberty Life's favor on its counterclaim; order a constructive trust and/or other equitable relief to secure Liberty Life's reimbursement of benefits Plaintiff received from Liberty Life or the Social Security Administration; that Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Liberty Life be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted,

/s/ David A. Riepenhoff

David A. Riepenhoff (0075089)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF, LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
Telephone: (614) 221-1216
Facsimile: (614) 221-8769
Email: driepenhoff@fisheldowney.com

TRIAL ATTORNEY FOR DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

Iwana Rademaekers (Texas Bar No. 16452560)
(Pro Hac Vice Motion pending)
**Law Offices of Iwana Rademaekers, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Direct: (214) 564-9542
iwana@rademaekerslaw.com

**CERTIFICATE OF SERVICE**

I certify that on September 6, 2019, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Kristin Seifert Watson, Esq.
Email: kwatson@cloppertlaw.com
Counsel for Plaintiff

And the same was sent by regular U.S. mail to the following Defendants:

Hitachi Vantara Corporation
c/o Corporation Service Company
50 West Broad Street, Suite 1330
Columbus, OH, 43215

Hitachi Data Systems' Health and Welfare Benefits Plan
c/o Hitachi Vantara Corporation
c/o Corporation Service Company
50 West Broad Street, Suite 1330
Columbus, OH, 43215

/s/ David A. Riepenhoff
David A. Riepenhoff