**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GERALD MORGAN,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:19-cv-02982-EAS-CMV |
| | : | |
| v. | : | Chief Judge Edmund A. Sargus |
| | : | |
| **HITACHI VANTARA CORPORATION, *et al*.,** | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS HITACHI VANTARA CORPORATION'S AND HITACHI DATA SYSTEMS' HEALTH AND WELFARE BENEFITS PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COME Defendants Hitachi Vantara Corporation ("Hitachi") and the Hitachi Data Systems' Health and Welfare Benefits Plan (the "Plan") (together in this answer, "Defendants"), by and through counsel, and for their answer to Plaintiff Gerald Morgan's Complaint [Dkt. 1] state as follows:

**ANSWER TO COMPLAINT**

1. Defendants admit only that Plaintiff purports to bring claims under the Employee Retirement Income Security Act of 1974, but Defendants deny the substance of Plaintiff's claims and deny he is entitled to any relief whatsoever as set forth in Paragraph 1 of the Complaint.

2. Defendants admit the Court has subject-matter jurisdiction; however, they deny the substance of Plaintiff's claims and any remaining allegations set forth in Paragraph 2 of the Complaint.

3. Defendants admit venue is proper in this Court; however, they deny the substance of Plaintiff's claims and any remaining allegations set forth in Paragraph 3 of the Complaint.

4. Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

5. Defendants deny the allegations set forth in Paragraph 5 of the Complaint.

6. Defendants admit the Plan is an ERISA plan that provides long-term disability benefits to qualified individuals per Plan terms; however, they deny the remaining allegations set forth in Paragraph 6 of the Complaint.

7. Defendants admit only that Liberty Life Assurance Company of Boston ("Liberty") served as claims administrator as it relates to long-term disability benefits under the Plan; however, Defendants deny the remaining allegations set forth in Paragraph 7 of the Complaint for lack of knowledge.

8. Defendants admit Hitachi sponsored the Plan during Plaintiff's employment and Exhibit 1 to the Complaint is a true and accurate copy of the Plan's Adoption Agreement, Plan, and Summary Plan Description; however, Defendants deny the remaining allegations set forth in Paragraph 8 of the Complaint.

9. Defendants admit the Plan describes what constitutes the summary plan description and Defendants deny any allegations inconsistent with the terms of the Plan as set forth in Paragraph 9 of the Complaint. Except as expressly admitted, Defendants deny all remaining allegations set forth in Paragraph 9 of the Complaint.

10. Defendants admit the Plan has designated and named the Liberty as the claims administrator for benefits provided under a group insurance policy ("Group Insurance Policy") and Exhibit 2 to the Complaint is a true and accurate copy of the Group Insurance Policy; however, Defendants deny any remaining allegations set forth in Paragraph 10 of the Complaint.

11. Defendants admit Hitachi delegated its full discretionary authority to Liberty under the Plan and Liberty has discretion to determine claims and appeals under the terms of the Plan;

however, Defendants deny the allegations inconsistent with the terms of the Plan and otherwise deny all remaining allegations set forth in Paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants admit Exhibit 3 to the Complaint is a true and accurate copy of a Personal Acknowledgment Form Plaintiff executed; however, Defendants deny any allegations inconsistent with the content of Exhibit 3 and otherwise deny all remaining allegations set forth in Paragraph 13 of the Complaint.

14. Defendants admit base pay excludes variable pay and sales commissions are variable pay; however, Defendants deny any remaining allegations set forth in Paragraph 14 of the Complaint.

15. Defendants admit "IB" is an abbreviation for "Incentive Base" as used on Hitachi's commission plan; however, Defendants deny the remaining allegations set forth in Paragraph 15 of the Complaint.

16. Defendants admit the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants admit Exhibit 4 to the Complaint is a true and accurate copy of the 2015 Open Enrollment Benefits Guide; however, Defendants deny the remaining allegations set forth in Paragraph 18 of the Complaint.

19. Defendants admit the allegations accurately quote a portion of Exhibit 4 to the Complaint; however, Defendants deny all allegations inconsistent with Exhibit 4 to the Complaint itself or with the terms of the Plan as set forth in Paragraph 19 of the Complaint.

20. Defendants admit the allegations cite to one page of the Group Insurance Policy; however, Defendants deny all allegations inconsistent with the Group Insurance Policy itself or with the terms of the Plan as set forth in Paragraph 20 of the Complaint.

21. Defendants admit the allegations accurately quote the Group Insurance Policy's definition of "Basic Monthly Earnings" or "Pre-Disability Earnings"; however, Defendants deny all allegations inconsistent with the Group Insurance Policy itself or with the terms of the Plan as set forth in Paragraph 21 of the Complaint.

22. Defendants admit earnings type for the purposes of "Basic Monthly Earnings" and "Pre-Disability Earnings" is to be defined by the Plan Sponsor, and deny all remaining allegations set forth in Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint for lack of knowledge.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint for lack of knowledge.

29. Defendants admit the allegations set forth in Paragraph 29 of the Complaint.

30. Defendants admit only that Plaintiff's date of disability under the Plan is June 10, 2015; however, Defendants deny the remaining allegations set forth in Paragraph 30 of the Complaint for lack of knowledge.

31. Defendants admit the allegations set forth in Paragraph 31 of the Complaint.

32. Defendants admit only that Plaintiff's date of disability under the Plan is June 10, 2015; however, Defendants deny the remaining allegations set forth in Paragraph 32 of the Complaint for lack of knowledge.

33. Defendants admit the Group Insurance Policy includes a 365-day Elimination Period regarding long-term disability coverage and defines "Elimination Period"; however, Defendants deny any allegations inconsistent with the Group Insurance Policy itself or with the terms of the Plan as set forth in Paragraph 33 of the Complaint.

34. Defendants admit only that a monthly benefit calculated at 60% of $230,000/year equals approximately $11,500/month and that $11,500 is less than $15,000; however, Defendants deny Plaintiff's "Basic Monthly Earnings" under the Plan are calculated as $230,000 and otherwise deny all remaining allegations set forth in Paragraph 34 of the Complaint.

35. Defendants admit, upon information and belief, that Liberty has been paying Plaintiff a gross monthly benefit of approximately $8,750; however, Defendants deny all remaining allegations set forth in Paragraph 35 of the Complaint.

36. Defendants deny the allegations set forth in Paragraph 36 of the Complaint for lack of knowledge.

37. Defendants admit that Exhibit 5 to the Complaint is a true and correct copy of a November 28, 2017 letter to Plaintiff's attorney; however, Defendants deny any allegations inconsistent with the content of Exhibit 5 and otherwise deny all remaining allegations set forth in Paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40. Defendants admit only that Plaintiff’s attorney requested information in a December 15, 2017 letter, that Exhibit 6 to the Complaint is a true and correct copy of a December 15, 2017 letter from Plaintiff’s attorney, and that Paragraph 40 accurately quotes a portion of Exhibit 6; however, Defendants deny any remaining allegations set forth in Paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42. Defendants admit only that Exhibit 7 to the Complaint is a true and correct copy of a January 29, 2018 letter to Plaintiff’s attorney, without attachments; however, Defendants deny any allegations inconsistent with the content of Exhibit 7 and otherwise deny all remaining allegations set forth in Paragraph 42 of the Complaint.

43. Defendants admit only that Plaintiff’s attorney requested information in a February 9, 2018 letter and that Exhibit 8 to the Complaint is a true and correct copy of a February 9, 2018 letter from Plaintiff’s attorney; however, Defendants deny all remaining allegations set forth in Paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45. Defendants admit that Plaintiff’s attorney requested information in a March 13, 2018 letter and that Exhibit 9 to the Complaint is a true and correct copy of a March 13, 2018 letter from Plaintiff’s attorney; however, Defendants deny any remaining allegations set forth in Paragraph 45 of the Complaint.

46. Defendants admit only that Exhibit 10 to the Complaint is a true and correct copy of a March 15, 2018 letter to Plaintiff’s attorney, without attachments, and that Paragraph 46 accurately quotes a portion of Exhibit 10; however, Defendants deny any allegations inconsistent

with the content of Exhibit 10 and otherwise deny all remaining allegations set forth in Paragraph 46 of the Complaint.

47. Defendants admit only that Plaintiff, through counsel, submitted a purported claim for benefits in an April 17, 2018 letter and that Exhibit 11 to the Complaint is a true and correct copy of an April 17, 2018 letter from Plaintiff's attorney; however, Defendants deny any remaining allegations set forth in Paragraph 47 of the Complaint.

48. Defendants admit only that Liberty denied Plaintiff's claim for benefits as described in a July 12, 2018 letter and that Exhibit 12 to the Complaint is a true and correct copy of a July 12, 2018 letter to Plaintiff's attorney; however, Defendants deny allegations inconsistent with the content of Exhibit 12 and otherwise deny any remaining allegations set forth in Paragraph 48 of the Complaint.

49. Defendants admit only that Plaintiff's attorney requested information in a July 24, 2018 letter and that Exhibit 13 to the Complaint is a true and correct copy of a July 24, 2018 letter from Plaintiff's attorney; however, Defendants deny any remaining allegations set forth in Paragraph 49 of the Complaint.

50. Defendants admit only that Plaintiff, through counsel, submitted a purported request for review of Liberty's benefits determination in a September 7, 2018, letter and that Exhibit 14 to the Complaint is a true and correct copy of a September 7, 2018 letter from Plaintiff's attorney; however, Defendants deny any remaining allegations set forth in Paragraph 50 of the Complaint.

51. Defendants admit that Liberty denied Plaintiff's request for review as described in an October 17, 2018 letter, that Exhibit 15 to the Complaint is a true and correct copy of a October 17, 2018 letter to Plaintiff's attorney, and that the letter stated, among other things, "At this time,

Mr. Morgan's administrative right to review has been exhausted; no further review of this matter will be conducted by Liberty"; however, Defendants deny allegations inconsistent with the content of Exhibit 15 and otherwise deny any remaining allegations set forth in Paragraph 51 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Under 29 U.S.C. § 1132(a)(1)(B))**

52. Defendants incorporate their answers to Paragraphs 1 through 51 as if fully restated herein.

53. Defendants deny the allegations set forth in Paragraph 53 of the Complaint on the basis that they call for a legal conclusion, to which no response is required.

54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint on the basis that they call for a legal conclusion, to which no response is required. .

55. Defendants admit the allegations set forth in Paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint on the basis that they call for a legal conclusion, to which no response is required.

57. Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58. Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59. Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60. Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61. Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62. Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63. Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(Under 29 U.S.C. § 1132(a)(3)(B))**

66. Defendants incorporate their answers to Paragraphs 1 through 65 as if fully restated herein.

67. Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68. Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69. Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

70. Defendants deny the allegations as set forth in Paragraph 70 of the Complaint.

71. Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72. Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73. Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74. Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

75. Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

76. Defendants deny the allegations set forth in Paragraph 76 of the Complaint.

Responding to the paragraph beginning "WHEREFORE" and including subparagraphs (1)-(5), Defendants deny the allegations and deny that Plaintiff is entitled to any relief from Defendants.

Defendants deny each and every allegation set forth in the Complaint, which has not been expressly admitted as true in the foregoing Paragraphs.

Defendants deny that Plaintiff is entitled to the relief sought in the Complaint or to any other relief whatsoever.

**AFFIRMATIVE AND OTHER DEFENSES**

First Defense

Plaintiff fails to state a claim upon which relief can be granted.

Second Defense

Plaintiff's claims or the relief he seeks are barred in whole or in part because Defendants fully performed and/or met their obligations, if any, to the Plaintiff.

Third Defense

Plaintiff's claims are barred in whole or in part because the challenged benefit decisions were based upon the proper exercise of discretion by the claims administrator.

Fourth Defense

Plaintiff's claims and/or the remedies he seeks are barred in whole or in part by the terms of the Plan, which establish the conditions for receipt of benefits.

Fifth Defense

Claims under 29 U.S.C. § 1132(a)(3)(B), ERISA § 502(a)(3)(B) only entitle Plaintiff to appropriate equitable relief.

Sixth Defense

Plaintiff's claims and/or the remedies he seeks are barred by the doctrines of estoppel and/or wavier.

Seventh Defense

Plaintiff's claim for equitable or promissory estoppel is barred because the Plan is unambiguous.

Defendants reserve the right to assert any additional affirmative and other defenses they discover as Plaintiff's claims are clarified during the course of this litigation.

WHEREFORE, Defendants Hitachi and the Plan request that Plaintiff take nothing by his Complaint and that they have and recover their attorneys' fees and costs in this action.

Respectfully submitted,

*s/ Angel P. Newcomb*

Angel P. Newcomb (#0068094)
LITTLER MENDELSON, P.C.
21 East State Street, 16th Floor
Columbus, OH 43215
Telephone: 614.463.4246
Facsimile: 614.599.6673
E-mail: anewcomb@littler.com

*Attorney for Defendants Hitachi Data Systems Corporation and the Hitachi Data Systems' Health and Welfare Benefits Plan*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 9th day of September, 2019, the foregoing *Answer to Plaintiff's Complaint* has been filed via the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the Court's electronic filing system.

*s/ Angel P. Newcomb*

Angel P. Newcomb, Esq.

4830-5036-6115.5 083423.1021