**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **GERALD MORGAN,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:19-CV-2982** |
| | : | |
| **v.** | : | **Judge Sargus** |
| | : | |
| **HITACHI VANTARA CORPORATION et al.,** | : | **Magistrate Judge Vascura** |
| | : | |
| | : | |
| **Defendants.** | | |

**STIPULATED PROTECTIVE ORDER**

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED as follows:

(1) This Stipulated Protective Order governs the use of information, documents, and other evidence produced through discovery in the above-referenced action.

(2) The parties agree that they shall use Confidential documents and information, as described below, only for the purposes of preparing for and conducting litigation proceedings in this action and any appeals, and only in the manner prescribed herein.

(3) "Confidential documents and information" shall include, but shall not be limited to, any party's trade secret information, financial information, training materials, employee-benefits information, or contracts/ agreements with third parties, documents related to any current or former employees of Defendant Hitachi Vantara Corporation and/or its predecessors who are not parties to this litigation, and any medical, psychological, psychiatric, rehabilitation, or counseling records of all parties and non-parties.

(4) The parties will, in a manner that will not interfere with the legibility of such documents, place or affix to each document produced pursuant to this Stipulated Protective Order an imprint or legend, "Confidential – Subject to Protective Order."

(5) Any party may object to the designation of particular material as "Confidential" by giving written notice to all other parties. Such written notice shall identify that material to which the objection is directed and the basis for the objection. If the parties are unable to resolve their differences within ten (10) days of the time the notice is received, the objecting party may file an appropriate motion requesting that the Court order that the disputed material shall not be subject to the protection of this Order. The designating party shall have the burden of establishing the confidential nature of the material. The disputed material shall remain subject to all terms of this Stipulated Protective Order until the parties agree or the Court rules otherwise.

(6) All documents produced pursuant to this Stipulated Protective Order may in no way be shown, divulged or otherwise communicated to any person or entity, except for the Court and its staff, the parties themselves, witnesses or consultants employed or retained by the parties, their legal counsel and necessary staff employees thereof, or their representatives, videographers and court reporters, or anyone else agreed upon in writing by the parties, in connection with this specific litigation and for no other purpose.

(7) Counsel making disclosure to the witnesses or consultants employed or retained by the parties, their legal counsel and necessary staff employees thereof, or their representatives, in connection with this specific litigation shall advise any such person or entity of the express terms of this Stipulated Protective Order, and shall provide such person or entity with a copy if he or she so requests.

(8) If any document or other material or information produced pursuant to this Stipulated Protective Order is used in connection with any deposition or pleading or is attached to any deposition transcript or pleading as an exhibit, the portion of the transcript of such deposition or such pleading referencing or attaching the document or other material or information produced

pursuant to this Stipulated Protective Order shall be subject to the provisions of this Stipulated Protective Order, unless the party who produced the Confidential information waives this requirement.

(9) This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 5.2.1. Before filing any documents or information designated as Confidential pursuant to this Stipulated Protective Order, the filing party shall give adequate notice to the designating party, so that the designating party may file a motion for leave to file the documents under seal if it so desires.

(10) At the conclusion of this litigation, whether by dismissal, settlement, trial, order of this Court, or otherwise, upon the request of the producing party, all documents produced pursuant to this Stipulated Protective Order, together with all copies of such documents, shall be returned to counsel for the producing party or destroyed. Notwithstanding any request under this paragraph, counsel of record for the parties may keep a copy of all court filings, discovery, and correspondence exchanged in this case.

(11) This Court shall retain jurisdiction following the termination of this action for enforcement of the provisions of this Stipulated Protective Order and any orders entered pursuant to this Stipulated Protective Order.

(12) Nothing in this Stipulated Protective Order shall be deemed to preclude the admission into evidence in this case of the documents subject to this Stipulated Protective Order, and the parties herein have reserved all rights to seek admission into evidence of such information,

or to object to the admissibility of such materials, subject to the terms of this Stipulated Protective Order.

IT IS SO ORDERED.

________________________________

Respectfully submitted:

/s/ Kristin Seifert Watson
Kristin Seifert Watson (0078032)
Cloppert, Latanick, Sauter &Washburn
225 East Broad Street, 4th Floor
Columbus, OH 43215
Telephone: (614) 461-4455
Facsimile: (614) 621-6293
Email: kwatson@cloppertlaw.com

Counsel for Plaintiff/Counter Defendant
Gerald Morgan

/s/ Iwana Rademaekers (per email auth.)
Iwana Rademaekers (TX # 16452560)
**Law Offices of Iwana Rademaekers, P.C.**
14785 Preston Road, Suite 550
Dallas, TX 75254
Telephone: (214) 579-9319
Facsimile: (469) 444-6456
Email: iwana@rademaekerslaw.com
*Admitted pro hac vice*

David A. Riepenhoff (0075089)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF, LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
Telephone: (614) 221-1216
Facsimile: (614) 221-8769
Email: driepenhoff@fisheldowney.com

Counsel for Defendant/Counter-Plaintiff
Liberty Life Assurance Company of Boston

/s/ Thomas W. Carroll (per email auth.)
Thomas W. Carroll (CO # 41438)
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: (303) 629-6200
Facsimile: (303) 484-4406
Email: tcarroll@littler.com
*Admitted pro hac vice*

Danielle K. Herring (TX #24041281)
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 652-4735
Facsimile: (713) 951-9212
Email: dherring@littler.com
*Admitted pro hac vice*

Angelique P. Newcomb (#0068094)
LITTLER MENDELSON, P.C.
21 East State Street, 16th Floor
Columbus, OH 43215
Telephone: (614) 463-4246
Facsimile: (614) 599-6673
Email: anewcomb@littler.com

Counsel for Defendants Hitachi Vantara Corporation and the Hitachi Data Systems' Health and Welfare Benefits Plan

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2019, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

/s/ Kristin Seifert Watson
Kristin Seifert Watson (0078032)