**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GERALD MORGAN,** | : | |
| Plaintiff, | : | Case No. 2:19-cv-02982-EAS-CMV |
| v. | : | Chief Judge Edmund A. Sargus |
| **HITACHI VANTARA CORPORATION, *et al*.,** | : | Magistrate Judge Chelsey M. Vascura |
| Defendants. | : | |

**DEFENDANTS HITACHI VANTARA CORPORATION AND HITACHI DATA SYSTEMS' HEALTH AND WELFARE BENEFITS PLAN'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**

Defendants Hitachi Vantara Corporation ("Hitachi") and the Hitachi Data Systems' Health and Welfare Benefits Plan (the "Plan") (together, "Hitachi Defendants") move for leave to amend their answer [Dkt. 10] and add a counterclaim regarding amounts that Plaintiff Gerald Morgan owes to Hitachi. In support of this motion, the Hitachi Defendants state as follows:

## BACKGROUND

1. According to S.D. Ohio Civ. R. 7.3, the undersigned counsel certify that they consulted with counsel for Plaintiff regarding this motion. Plaintiff does not object to this motion.

2. Plaintiff's Complaint [Dkt. 1] alleges two claims under the Employee Retirement Income Security Act ("ERISA") regarding long-term disability benefits under the Plan.

3. The Hitachi Defendants answered Plaintiff's Complaint on September 9, 2019. [Dkt. 10].

4. Under the Preliminary Pretrial Order, the deadline for motions addressing the pleadings is December 2, 2019. [Dkt. 18][1]

5. The discovery cutoff is May 1, 2020. [Dkt. 18]

## ARGUMENT

6. Plaintiff received both short-term and long-term disability benefits. The Hitachi Defendants' proposed amendments are based on amounts paid to Plaintiff that he is not entitled to under the terms of the Hitachi Data Systems Short-Term Disability Plan ("STD Plan"). According to the terms of the STD Plan, Plaintiff is obligated to repay amounts he was overpaid as a result of also receiving Social Security benefits from the Social Security Administration. The Hitachi Defendants seek to amend their answer to add an offset defense, and Hitachi seeks to add a counterclaim.

7. In these circumstances, the Hitachi Defendants' proposed amendment requires leave of court under Federal Rule of Civil Procedure 15. "The court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and the thrust of the rule "is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). The decision to grant leave to amend is within the discretion of the trial court. However, denying leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

8. None of the factors justifying denial is present here and the Hitachi Defendants should be granted leave to amend. First, this motion is timely, and where a motion to amend is

[1] The order states December 1, 2019; however, December 1, 2019 is a Sunday, so the deadline runs to the next day, December 2, 2019. Fed. R. Civ. P. 6(a).

filed before the expiration of the deadline to amend pleadings, any contention that the motion is untimely or the result of undue delay is without merit.

9. Second, the amendment will not result in any prejudice to Plaintiff. At this relatively early stage of the proceedings, permitting the Hitachi Defendants to amend their answer will not result in any undue prejudice. The Preliminary Pretrial Order specifically contemplates amending the pleadings through December 2, 2019, the discovery cutoff is not until May 1, 2020, and the amendments the Hitachi Defendants propose will not alter the focus of this case. They will not affect the discovery period or trial, and the subject matter of the counterclaims is closely related to the Complaint's claims for relief. What little additional discovery the parties might need would not qualify as undue prejudice. If anything, the Hitachi Defendants would be prejudiced if they are not allowed to amend. The underlying facts and circumstances are a proper subject for relief and Hitachi "ought to be afforded an opportunity to test [its] claims on the merits." *Foman*, 371 U.S. at 182.

10. Finally, no evidence or indication of bad faith exists, and the amendment is not futile.

WHEREFORE the Hitachi Defendants respectfully request leave to amend their answer and add a counterclaim.

Respectfully submitted this 2nd day of December, 2019.

*s/ Thomas W. Carroll*

Thomas W. Carroll
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: (303) 629-6200
Facsimile: (303) 629-0200
Email: tcarroll@littler.com
*Admitted pro hac vice*

Danielle K Herring
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 652-4735
Facsimile: (713) 951-9212
Email: dherring@littler.com
*Trial attorney, admitted pro hac vice*

Angelique Paul Newcomb
LITTLER MENDELSON, P.C.
21 East State Street, 16th Floor
Columbus, OH 43215
Telephone: (614) 463-4246
Facsimile:(614) 559-6673
Email: anewcomb@littler.com

*Attorneys for Defendants Hitachi Data Systems Corporation and the Hitachi Data Systems' Health and Welfare Benefits Plan*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 2nd day of December, 2019, the foregoing **DEFENDANTS HITACHI VANTARA CORPORATION AND HITACHI DATA SYSTEMS' HEALTH AND WELFARE BENEFITS PLAN'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM** has been filed via the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the Court's electronic filing system.

*s/Patricia Perez*
Patricia Perez

4845-4282-8973.1 083423.1021