**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GERALD MORGAN,** | : | **Case No. 2:19-CV-2982** |
| **Plaintiff,** | : | **Judge Sargus** |
| **v.** | : | **Magistrate Judge Vascura** |
| **HITACHI VANTARA CORPORATION et al.,** | : | |
| **Defendants.** | : | |

**PLAINTIFF GERALD MORGAN'S ANSWER TO DEFENDANT HITACHI VANTARA CORPORATION AND HITACHI DATA SYSTEMS' HEALTH AND WELFARE BENEFIT PLAN'S COUNTERCLAIM**

Now comes Plaintiff, Gerald Morgan, by and through counsel, and for his Answer to Defendants Hitachi Vantara Corporation and Hitachi Data Systems' Health and Welfare Benefits Plan's Counterclaim, states as follows:

## ANSWER TO COUNTERCLAIM

## FIRST DEFENSE

1. With regard to the allegations in paragraph 1 of the Counterclaim, Plaintiff admits only that the Counterclaim purports to be for relief to redress harm caused to Hitachi as a result of Plaintiff's failure to repay Hitachi amounts overpaid to him. Plaintiff denies each and every remaining allegation in that paragraph.

2. Plaintiff denies the allegations contained in paragraph 2 of the Counterclaim.

3. Plaintiff is without knowledge or information sufficient upon which to form a belief as to the truthfulness of the allegations contained in paragraph 3 of the Counterclaim, and therefore denies the allegations.

4. With regard to the allegations contained in paragraph 4 of the Counterclaim, Plaintiff asserts that the plan document, which is not attached to the Counterclaim, would ostensibly speak for itself. Plaintiff denies each and every allegation contained in that paragraph.

5. Plaintiff denies the allegations contained in paragraph 5 of the Counterclaim.

6. With regard to the allegations contained in paragraph 6 of the Counterclaim, Plaintiff admits that he made a claim for short-term disability benefits, which was granted, and that he received short-term disability benefits. Plaintiff is without knowledge or information sufficient upon which to form a belief as to the truthfulness of the remaining allegations in that paragraph, and therefore denies the allegations.

7. Plaintiff admits that he was awarded Social Security disability benefits. Plaintiff is without knowledge or information sufficient upon which to form a belief as to the truthfulness of the remaining allegations contained in Paragraph 7 of the Counterclaim, and therefore denies the allegations.

8. Plaintiff is without knowledge or information sufficient upon which to form a belief as to the truthfulness of the allegations contained in paragraph 8 of the Counterclaim and therefore denies the allegations.

9. Plaintiff denies the allegations contained in paragraph 9 of the Counterclaim.

10. With regard to the allegations contained in paragraph 10 of the Counterclaim, Plaintiff specifically denies that there is an overpayment and also denies each and every remaining allegation contained in that paragraph.

11. Plaintiff admits that his counsel spoke with counsel for the Hitachi Defendants via telephone on or about November 25, 2019. Plaintiff denies each and every remaining allegation contained in paragraph 11 of the Counterclaim.

## FIRST COUNTERCLAIM FOR RELIEF

12. Plaintiff incorporates his responses to paragraphs 1 through 11 as if fully restated herein.

13. Plaintiff denies the allegations contained in paragraph 13 of the Counterclaim.

14. Plaintiff denies the allegations contained in paragraph 14 of the Counterclaim.

15. Plaintiff denies the allegations contained in paragraph 15 of the Counterclaim.

16. Plaintiff denies the allegations contained in paragraph 16 of the Counterclaim.

17. Plaintiff denies each and every allegation contained in the Counterclaim not specifically admitted herein.

## SECOND DEFENSE

18. The Counterclaim fails with regard to ripeness because Defendants never presented Plaintiff with a notice of overpayment or an opportunity to avail himself of the claims/appeals process under the plan.

## THIRD DEFENSE

19. Despite repeated requests, Defendants failed to provide Plaintiff a copy of the applicable short-term disability plan language until after the Counterclaim was filed. Accordingly, Plaintiff would never have been able to ascertain his rights or Defendants' rights pursuant to the language.

## FOURTH DEFENSE

20. There is no overpayment in this matter because Defendants wrongfully underpaid Plaintiff the short-term disability benefits by approximately $44,000.00 due to utilizing the wrong amount for "weekly earnings" in the calculation.

**FIFTH DEFENSE**

21. This Counterclaim is barred by 42 U.S.C. § 407.

WHEREFORE, Plaintiff Gerald Morgan respectfully requests that this Court dismiss Defendants' Counterclaim and provide him the complete relief requested in the Complaint as well as costs and attorney fees incurred in defending this Counterclaim.

Respectfully submitted,

/s/ Kristin Seifert Watson
Kristin Seifert Watson (0078032)
Cloppert, Latanick, Sauter & Washburn
225 East Broad Street, 4th Floor
Columbus, Ohio 43215-3709
Telephone: (614) 461-4455
Facsimile: (614) 621-6293
E-mail: kwatson@cloppertlaw.com

*Counsel for Plaintiff Gerald Morgan*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2019, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

/s/ Kristin Seifert Watson
Kristin Seifert Watson (0078032)

S:\Clients\m\Morgan, Jay\Plaintiff's Answer to Counterclaim.docx