**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**GERALD MORGAN,**

**Plaintiff,**

**v.**

**Civil Action 2:19-cv-2982**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

**HITACHI VANTARA CORPORATION, *et al.*,**

**Defendants.**

# ORDER

This matter came before the Court for a telephonic discovery conference on September 22, 2020. All parties were represented by counsel. This Order memorializes the results of that conference.

Plaintiff, Gerald Morgan, brings this action against his former employer, Defendant Hitachi Vantara Corporation, under ERISA to recover long-term disability benefits. During discovery, Hitachi produced a declaration by non-party Gilbert Villegas, a former Hitachi management employee, regarding a contested issue in the case.

Plaintiff's counsel represented that despite numerous attempts, Plaintiff has been unable to serve a deposition subpoena on Mr. Villegas. Plaintiff's counsel outlined her efforts to date, representing that a hired process server attempted service at Mr. Villegas' last-known address (provided by Defendant), but was informed by a neighbor that Mr. Villegas had not lived at that address for about fifteen years. Plaintiff then paid for multiple database searches, none of which returned an address for Mr. Villegas. Plaintiff also paid for three mail return searches, only one

of which returned an address for Mr. Villegas. Plaintiff has paid for a process server to attempt service at that address ten times, but the process server has so far been unsuccessful in spite of leaving messages. In light of the foregoing, it is the opinion of the process server Plaintiff hired that Mr. Villegas is evading service.

Defendant Hitachi's counsel represented that although counsel had previously been able to communicate with Mr. Villegas, Mr. Villegas had stopped responding to communications from Defendant Hitachi several months ago. Defense counsel indicated that Plaintiff's counsel had previously been provided Mr. Villegas' last-known address and phone number, and added that counsel would also provide Mr. Villegas' last-known email address to Plaintiff's counsel.

The Court cautioned the parties that if Plaintiff puts forth evidence reflecting that Mr. Villegas is, in fact, evading service such that he is unavailable for a deposition or trial, the Court may strike Mr. Villegas' declaration. *See Dedvukaj v. Equilon Enters., LLC,* 301 F. Supp. 2d 664, 668 (E.D. Mich. 2004), *aff'd*, 132 F. App'x. 582 (6th Cir. 2005) (striking an affidavit from a witness who failed to appear for a deposition).

The current discovery deadline is September 29, 2020. To help facilitate the deposition of Mr. Villegas, the Court hereby **ORDERS** an extension of the discovery deadline to **OCTOBER 29, 2020**, for the **LIMITED PURPOSE** of deposing Mr. Villegas. The parties may not engage in any other discovery beyond the September 29, 2020 deadline. The deadline for dispositive motions will remain December 7, 2020.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE