IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD MORGAN, | § | |
| | § | |
| Plaintiff, | § | Case No. 2:19cv02982-EAS-CMV |
| | § | |
| v. | § | |
| | § | Chief District Judge Edmund A. Sargus, Jr. |
| HITACHI VANTARA CORPORATION, | § | |
| LIBERTY LIFE ASSURANCE COMPANY | § | |
| OF BOSTON, AND HITACHI DATA | § | Magistrate Judge Chelsey M. Vascura |
| SYSTEMS' HEALTH AND WELFARE | § | |
| BENEFITS PLAN, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now comes Defendant, Liberty Life Assurance Company of Boston,[1] by and through counsel, and files its Response to Plaintiff's Motion for Partial Summary Judgment (Document 45, Page ID #'s 2388-2403). A memorandum in support of this response is set forth below.

Respectfully submitted,

*/s/* Iwana Rademaekers
Iwana Rademaekers (Texas Id. No. 16452560)
(Admitted Pro Hac Vice)
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Direct: (214) 564-9542
Email: iwana@rademaekerslaw.com

TRIAL ATTORNEY FOR DEFENDANT
LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

1 Now known as Lincoln Life Assurance Company of Boston.

- And -

David A. Riepenhoff (0075089)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF, LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
Telephone: (614) 221-1216
Facsimile: (614) 221-8769
Email: driepenhoff@fisheldowney.com

## MEMORANDUM IN SUPPORT

### I. STATEMENT OF THE CASE

This case arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Plaintiff Gerald Morgan ("Morgan") was employed by Hitachi Data Systems Corporation (now known as Hitachi Vantara Corporation) ("Hitachi") and submitted a claim for long term disability ("LTD") benefits under the Hitachi Data Systems' Health and Welfare Benefits Plan (the "Hitachi Plan"), which was insured by a Group Disability Income Policy (the "Policy") issued by Liberty Life Assurance Company of Boston ("Liberty Life") to Hitachi. Liberty Life approved Morgan's claim for LTD benefits from the Hitachi Plan and began paying Morgan a gross 60% monthly benefit of $8,750.00, based on Morgan's annual Pre-Disability Earnings of $175,000.00 ($14,583.33 monthly), as defined by the Policy and as reported to Liberty Life by Hitachi. Morgan disputed Liberty Life's usage of the Policy-defined term Pre-Disability Earnings and submitted a claim to amend the earnings amount utilized by Liberty Life for calculation of his LTD benefit. Liberty Life considered the information submitted by Morgan and confirmed the correct amount of benefits had been paid. Morgan appealed that decision, and upon Liberty Life's review of Morgan's appeal and multiple confirmations from Hitachi (the Policy gives Hitachi the power to elect the amount used as Pre-Disability Earnings amount), Liberty Life determined that the benefit amount was correct based upon the Policy terms and provisions and the information provided to Liberty Life by Hitachi. Accordingly, Liberty upheld its decision after considering Morgan's appeal.

The only claim Morgan has brought against Liberty is a claim for recovery of benefits under ERISA, specifically 29 U.S.C. § 1132(a)(1)(B)., in which Morgan alleges that he is owed additional long-term disability benefits from Liberty Life under the Policy. Liberty Life is

entitled to judgment on Morgan's claim to recover additional benefits from Liberty Life because the decision by Liberty Life to deny Morgan's appeal regarding the amount of his Pre-Disability Earnings under the Policy definition and as elected by Hitachi was not arbitrary and capricious.

## II. ISSUE FOR THE COURT

A. Whether Liberty Life's application of the Policy definition of "Basic Monthly Earnings"/"Pre-Disability Earnings" in its calculation of Morgan's gross monthly LTD benefit based on the information provided to it by Hitachi was arbitrary and capricious.

## III. SUMMARY OF THE ARGUMENT

It is abundantly clear that Liberty Life's decision to deny Morgan's claim for increased LTD benefits from the Hitachi Plan was not arbitrary and capricious. As further discussed and outlined in the arguments below, under the Policy, "Basic Monthly Earnings" or "Pre-Disability Earnings" is defined as "either base pay and the short term incentive (STI) target at 100%, or as a benefit target compensation amount. Earnings type to be defined by the Sponsor [Hitachi]. Such earnings will not include other forms of compensation."[2] Hitachi validated to Liberty Life on multiple occasions that Morgan's earnings for the purposes of that Policy definition would be based on his benefit target compensation amount and that $175,000.00 was the correct benefit target compensation for Morgan. Further, the administrative record concerning Morgan's claim for LTD benefits that was reviewed by Liberty Life does not contain any evidence to support a finding that Liberty Life incorrectly applied the Policy terms in its calculation of Morgan's LTD benefit. Accordingly, the gross LTD benefit amount Morgan is receiving is correct and should be upheld by this Court.

This Response to Morgan's Motion is supported by the evidence consisting of the Declaration of Karilann Sneirson attached to Liberty Life's *Motion for Judgment on the*

---

[2] Admin. Record, Ex. 1, Policy, Liberty/Morgan 6 (emphasis added) (Document 28-1, Page ID # 355).

*Administrative Record and Brief in Support* (Document 46-1, Page ID #'s 2418-2422) and the bates-labeled documents attached to *Defendant Liberty Life Assurance Company of Boston's Submission of Administrative Record Under Seal* ("Admin. Record") (Document 28, Page ID #'s 348-349) filed with the Court, including Exhibit 1, the Policy (Document 28-1, Page ID #'s 350-385); Exhibit 2, Summary Plan Description (Document 28-2, Page ID #'s 386-424); and Exhibit 3, Administrative Record (Document 28-3, Page ID #'s 425-995; Document 28-4, Page ID #'s 996-1334; and Document 28-5, Page ID #'s 1335-2356). All summary judgment evidence is fully incorporated into this Response.

## IV. FACTUAL BACKGROUND

Morgan was hired as a Sales Account Representative with Hitachi on October 11, 2010, and was a participant in the Hitachi Plan.[3] Hitachi had contracted with Liberty Life for a Group Disability Income Policy (the "Policy") to insure payment of benefits to Hitachi employees who participated in the Hitachi Plan.[4] Morgan's last day of work at Hitachi was June 9, 2015.[5]

The Hitachi Plan at issue in this action is an employee welfare benefit plan as defined by 29 U.S.C. § 1001,[6] and Morgan asserts and admits that this action is governed by ERISA.[7] Morgan filed a claim for LTD benefits under the Hitachi Plan, which was insured by the Policy issued by Liberty Life to Hitachi.[8]

The Policy provides that:

> "Basic Monthly Earnings" or "Pre-Disability Earnings" means the Covered Person's monthly rate of earnings from the Sponsor in effect immediately prior to the date Disability or Partial Disability begins. Earnings will be defined as either, base pay and the short term incentive (STI) target at 100%, or as a benefit target

3 Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 76 (Document 28-3, Page ID # 425).
4 Admin. Record, Ex. 1, Policy, Liberty/Morgan 1-36 (Document 28-1, Page ID #'s 350-385).
5 Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 76 (Document 28-3, Page ID # 425).
6 Complaint at ¶¶ 6 and 53 (Document 1, Page ID #'s 2 and 9).
7 Complaint at ¶ 1 (Document 1, Page ID # 1).
8 Declaration of Karilann Sneirson at ¶ 5, Exhibit A to Liberty Life's Motion for Judgment (Document 46-1, Page ID #'s 2419-2420); Complaint at ¶¶ 8 and 31 (Document 1, Page ID #'s 3 and 6).

> compensation amount. Earnings type to be defined by the Sponsor. Such earnings will not include other forms of compensation.[9]

Morgan's LTD benefit began on June 9, 2016.[10] As part of the Liberty Life's efforts to ensure the benefit was correctly calculated, on October 28, 2015, Hannah Dexter, Payment Specialist at Liberty Life, emailed Mackenzie Davenport at Hitachi and requested the Employee Profile Screenshot for Morgan. That same day, Ms. Davenport emailed the requested documentation to Ms. Dexter. Outlined in red in that document was "Benefit Target Comp: $175,000."[11] Accordingly, Ms. Dexter completed the Initial Payment Set up Worksheet, using the $175,000 benefit target compensation as the basis for the BME ($175,000/12 = $14,583.33) and then multiplied the 60% benefit percentage by that number to arrive at a gross benefit of $8,750.00.[12]

On July 26, 2016, Thomas Tootle, an attorney for Morgan, emailed Lindsay Richard, Technical Claims Consultant at Liberty Life, asking why Liberty Life was using $175,000 as the Pre-Disability Earnings, and that he believed Pre-Disability Earnings should be the base pay plus short term incentive (STI) target, which was $230,000.[13] That same day, Ms. Richard then emailed Tania Weets at Hitachi to confirm the correct salary amount for Morgan, who immediately replied, "Since he is a Sales Commission employee, his benefits are based on the Benefit Target Comp. His is $175,000."[14] Ms. Richard emailed Mr. Tootle on July 28, 2016, and stated, "I confirmed that as Mr. Morgan is a Sales Commission employee, his benefits are based on the Benefit Target Comp," which is $175,000. Ms. Richard also provided Mr. Tootle

---

9 Admin. Record, Ex. 1, Policy, Liberty/Morgan 6 (Document 28-1, Page ID # 355) (emphasis added).
10 Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 76 (Document 28-3, Page ID # 425).
11 Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 1990 (Document 28-5, Page ID # 2339).
12 Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 1988 (Document 28-5, Page ID # 2337).
13 Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 1759 (Document 28-5, Page ID # 2108).
14 Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 1754-55 (Document 28-5, Page ID #'s 2103-2104).

with contact information for Katie Dix Elsner at Hitachi to whom any further questions should be directed regarding the issue.[15]

On December 15, 2017, Morgan's current counsel wrote Hitachi and cc'd Liberty Life, asking for an explanation of how the LTD benefit was calculated.[16] Payment Specialist Connor Nebesky responded to that letter, stating,

> The benefits are calculated by our Payment specialist team. First they reach out to the Employer and request the payment information prior to the Date of Disability based on the Basic Monthly Earnings definition within the Contract and any specifics we have worked out per customer. With this particular customer we request a screen shot from their system and use the Benefit Target Comp ($175,000.00). Since this claim pays monthly we take the $175,000.00 and divide by 12 months to create our Basic Monthly Earnings of $14,583.33 monthly. The Benefit Percentage for Mr. Morgan was 60% of his Basic Monthly Earnings, or $8,750.00.[17]

On April 17, 2018, Morgan's counsel wrote Hitachi and Lincoln Life and again complained about the LTD benefit calculation.[18] On June 8, 2018, Mr. Nebesky responded to counsel's letter, stating again that the $175,000 benefit target compensation had been outlined by the employer/Hitachi.[19] Morgan's counsel wrote Mr. Nebesky on June 18, 2018, again urging that the base pay and target STI totaling $230,000 should be used to calculate Morgan's LTD benefit. Mr. Nebesky emailed counsel on June 19th, stating that he would re-request the earnings from Hitachi.[20] That same day, Mr. Nebesky emailed Monica Giacoman at Hitachi to inquire about the matter, and Ms. Giacoman responded that same day that the $175,000 was the correct

---

15 Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 1749 (Document 28-5, Page ID # 2098).

16 Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 1341-42 (Document 28-5, Page ID #'s 1690-1691).

17 Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 1338 (Document 28-5, Page ID # 1687).

18 Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 1269-1271 (Document 28-5, Page ID #'s 1618-1620).

19 Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 1156 (Document 28-5, Page ID # 1505).

20 Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 701 (Document 28-4, Page ID # 1050).

number to use in calculating Morgan's LTD benefit.[21] On June 21st, Mr. Nebesky emailed counsel to let her know that, "Per [Hitachi] we have been using the correct information for our calculation since the date of disability."[22] Mr. Nebesky also followed up with another email on June 22nd, stating that he had again conferred with Hitachi and that the language regarding an STI percentage in the Policy definition only applied to non-sales employees and that Morgan's benefit target compensation was assigned to him as a salesman. Further, the benefit target compensation was what Hitachi was paying premiums for and was the correct amount to use as the basis for determining Pre-Disability Earnings under the policy.[23] That premiums under the Policy were based on the benefit target compensation is further substantiated by a letter from Hitachi to Morgan's counsel, stating that the 2014 Policy premium rate was .0195 (per $100) and Morgan's imputed income pertaining to LTD coverage for 2014 was $341.28, which mathematically works out to $175,000 (.195 X ($175,000/100) = $341.25 and is three cents less than Morgan's $341.28 imputed LTD income for 2014).[24]

On July 9, 2018, Morgan's counsel again wrote Mr. Nebesky and stated that Morgan had never received information defining the benefit target compensation and that Hitachi is estopped from asserting that $175,000 will be used to calculate the LTD benefit.[25] Mr. Nebesky responded with a formal decision letter dated July 12, 2018, that included a statement of appeal rights and affirmed that the $175,000 was based on the Policy definition that the disability

---

[21] Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 695 (Document 28-4, Page ID # 1044).

[22] Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 699 (Document 28-4, Page ID # 1048).

[23] Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 660-61 (Document 28-4, Page ID #'s 1009-1010).

[24] Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 674 (Document 28-4, Page ID # 1023.

[25] Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 670-671 (Document 28-4, Page ID #'s 1019-1020).

benefit was calculated from the benefit target compensation amount, as determined by Hitachi in accordance with the terms of the Policy.[26]

On September 7, 2018, Morgan's counsel submitted an appeal of Liberty Life's decision regarding the benefit calculation.[27] On October 17, 2018, Liberty Life wrote Morgan's counsel and advised that after reviewing Morgan's appeal request and carefully considering Morgan's LTD insurance coverage and documentation contained in his claim, it was determined that the benefit amount was correct based on the Policy terms and provisions.[28] Specifically, the Policy definition of Pre-Disability Earnings was either base pay and the short term incentive target at 100% or the benefit target compensation amount, with the earnings type to be defined by Hitachi. As Hitachi had validated on multiple occasions that, as a sales employee, Morgan's Pre-Disability Earnings would be based on the benefit target compensation amount and that $175,000 was the correct benefit target compensation, the LTD benefit had been correctly calculated.[29]

## V. ARGUMENT

### A. THE COURT REVIEWS LIBERTY LIFE'S DECISION ON MORGAN'S CLAIM FOR BENEFITS UNDER THE "*ARBITRARY AND CAPRICIOUS*" STANDARD.

In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the United State Supreme Court held that "[c]onsistent with established principles of trust law, we hold that a denial of benefits under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or construe the terms of the LTD

[26] Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 668-69 (Document 28-4, Page ID #'s 1017-1018.

[27] Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 585-588 (Document 28-3, Page ID #'s 934-937).

[28] Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 512-515 (Document 28-3, Page ID #'s 861-864).

[29] Admin. Record, Ex. 3, Administrative Record, Liberty/Morgan 513-514 (Document 28-3, Page ID #'s 862-863).

plan." 489 U.S. at 115. When discretionary authority exists, the "highly deferential arbitrary and capricious standard of review" will apply. 489 U.S. at 115. Accordingly, Liberty Life's decision will be upheld "if it is the result of a deliberate principled reasoning process, and if it is supported by substantial evidence." Killian v. Healthsource Provident Admins., Inc., 152 F.3d 514, 520 (6th Cir. 1998).

The Policy contains such a grant of such discretionary authority, stating "Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Liberty's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding."[30] This language has been deemed to grant discretionary authority by several Ohio District Courts, *e.g.* Leppert v. Liberty Life Assurance Co. of Boston., No. 2:14-cv-1207, p.4 (S.D. Ohio Mar. 24, 2016); Rothe v. Duke Energy Long Term Disability Plan, No. 1:15cv211, p.4 (S.D. Ohio Sep. 30, 2016), *aff'd*, Rothe v. Duke Energy Long Term Disability Plan, No. 16-4225 (6th Cir. May 2, 2017). Additionally, Morgan alleges in his complaint that Liberty Life "holds discretionary authority for long term disability income claims under the Plan" and that Liberty Life's claim denial was "arbitrary and capricious and constitutes an abuse of discretion." Complaint at ¶¶ 11 and 63 (Document 1, Page ID #'s 3 and 10). Accordingly, arbitrary and capricious is the correct standard of review to apply to Liberty Life's decision on Morgan's claim.

[30] Admin. Record, Ex. 1, Policy, Liberty/Morgan 29 (Document 28-1, Page ID # 378).

**B. THE ARBITRARY AND CAPRICIOUS STANDARD REQUIRES MERELY A REASONED EXPLANATION FOR THE DECISION BASED ON THE ADMINISTRATIVE RECORD, AND CONFLICT IS NOT A FACTOR IN THE COURT'S REVIEW OF THE PARTICULAR DECISION AT ISSUE.**

The Sixth Circuit has held that a claim decision is not arbitrary and capricious and must be upheld "if it is the result of a deliberate principled reasoning process, and if it is supported by substantial evidence." Killian v. Healthsource Provident Admins., Inc., 152 F.3d 514, 520 (6th Cir. 1998). Review under the arbitrary and capricious standard is "extremely deferential." McClain v. Eaton Corp. Disability Plan, 740 F.3d 1059, 1064 (6th Cir. 2014). "Review under the arbitrary and capricious standard is the least demanding form of judicial review of an administrative action; it requires only an explanation based on substantial evidence that results from a deliberate and principled reasoning process." Calvert v. Firstar Finance, Inc., 409 F.3d 286, 292 (6th Cir. 2005) (quoting McDonald v. W.-S. Life Ins. Co., 347 F.3d 161, 169 (6th Cir. 2003)); *see also* Shields v. Reader's Digest Ass'n, Inc., 331 F.3d 536, 541 (6th Cir. 2003) ("When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious."); Williams v. International Paper Co., 227 F.3d 706, 712 (6th Cir. 2000). A reasoned explanation must be upheld even if the plaintiff offers an equally rational interpretation. Gismondi v. United Techs. Corp., 408 F.3d 295, 298 (6th Cir. 2005).

In reviewing the administrator's decision, the court's review is limited to the administrative record that was before the plan administrator at the time of the benefit determination. Schwalm v. Guardian Life Ins. Co. of America, 626 F.3d 299, 308 (6th Cir. 2010). Additionally, the Court is constrained to the administrative record that was before Liberty Life when it made its final decision on Morgan's claim. Schwalm, 626 F.3d at 308; Wilkins v.

Baptist Healthcare System, Inc., 150 F.3d 609, 612 (6th Cir. 1998), citing Perry v. Simplicity Engineering, 900 F.2d 963, 966 (6th Cir. 1990).

"[M]ere allegations of the existence of a structural conflict of interest are not enough to show that the denial of a claim was arbitrary; there must be some evidence that the alleged conflict of interest affected the plan administrator's decision to deny benefits." Peruzzi v. Summa Medical Plan, 137 F.3d 431, 433 (6th Cir. 1998). The lack of evidence weighs against a finding of any conflict of interest that tainted Liberty Life's decision. Leppert v. Liberty Life Assurance Co. of Boston, at p. 5. Additionally, there is no documentation or information before this Court that Liberty Life's conflict influenced its decision, and there is no other indication that Liberty Life has a history of biased claim decisions, which negates the conflict factor. Nevertheless, should conflict be considered, its importance is truly to the "vanishing point" under Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 117 (2008) because Liberty Life has affirmatively taken substantial measures to ensure claim accuracy and to remove bias from its claim processing, including the "walling off" of underwriting from claim processing functions.[31] Liberty Life has specifically been found to have taken "steps, including physical separation of disability case managers and employees who make underwriting and premium decisions, and requiring management oversight and review of any claim denial" such that "the Court should give minimal weight to the demonstrated conflict of interest" that results from its both determining eligibility for benefits and providing those benefits. Brown v. Liberty Life Assurance Company of Boston, No. CIV-14-0419-HE at p. 4 (W.D. Okla. June 11, 2015); Michael v. Liberty Life Assurance Company of Boston, No. 4:13-cv-2733 at p. 13 (S.D. Tex. Oct. 9, 2014); Johnson v. Liberty Life Assurance Company of Boston, No. 2:13cv916-WHA at

---

[31] Declaration of Karilann Sneirson at ¶¶5-9, Exhibit A to Liberty Life's Motion for Judgment (Document 46-1, Page ID #'s 2419-2421).

p. 13-15 (M.D. Ala. Jan. 20, 2015); Havens v. Liberty Life Assurance Company of Boston, No. SA-09-CA-372-H at p. 10-11 (W.D. Tex. July 6, 2010); Dotsenko v. Liberty Life Assurance Company of Boston, No. 5:12cv00555 (W.D. Tex. June 11, 2013); Hampton v. Liberty Life Assurance Company of Boston, No. 4:11-CV-100 at p. 17 (S.D. Miss. March 30, 2013). These steps indicate that Liberty Life has gone above and beyond the requirements of the ERISA procedures to make sure that claims are determined fairly and correctly. Moreover, it does not appear that Morgan has asserted in either the Complaint or the pending Motion that Liberty Life's decision was influenced by any conflict. Accordingly, conflict should not be considered as a factor in the Court's review.

### C. LIBERTY LIFE'S DECISION WAS NOT JUST REASONED BUT FULLY CORRECT, AS THE POLICY EXPLICITLY STATES THAT HITACHI ELECTS THE EARNINGS TYPE TO BE USED AS PRE-DISABILITY EARNINGS, AND MORGAN'S MOTION FOR SUMMARY JUDGMENT AGAINST LIBERTY LIFE REQUESTS THAT THE POLICY DEFINITION OF PRE-DISABILITY EARNINGS BE COMPLETELY DISREGARDED.

In making his Section 1132(a)(1)(B) claim for recovery of benefits against Liberty Life, Morgan complains that the evidence Liberty Life obtained from Hitachi to calculate the benefit amount was "inadequate" and that Liberty Life failed to address the issue of whether Hitachi elected a benefit target compensation amount that was communicated to Morgan.[32] However, numerous inquiries were made by Liberty Life to Hitachi, and Hitachi repeatedly defined the earnings type to be used in connection with Morgan's LTD benefit, which was the benefit target compensation of $175,000. Morgan's argument that Liberty Life should have asked Hitachi if it informed Morgan of the amount of his benefit target compensation completely ignores the plain meaning of the portion of the Policy definition that reads, "Earnings type to be defined by the

[32] Complaint at ¶¶ 61 and 62 (Document 1, Page ID #'s 9-10).

Sponsor."[33] To accept Morgan's argument is to ignore the plain meaning of words used in that definition.[34] In calculating Morgan's benefit, Liberty Life acted appropriately and in a reasonable manner in its reliance upon Hitachi's information and in full compliance with the clear language of the Policy.

To the extent that Morgan alleges that Hitachi provided inaccurate or insufficient information to Morgan regarding either the benefit target compensation amount assigned to Morgan or the usage of the benefit target compensation in the calculation of Policy benefits, then such allegations would be part of his Section 1132(a)(3) claim for breach of fiduciary duty and promissory estoppel, which is brought against Hitachi alone.[35] Moreover, under Morgan's numerous allegations regarding the information that was or was not provided by Hitachi or the Hitachi Plan that are made in support of Morgan's Section 1132(a)(1)(B) claim for recovery of benefits, only Hitachi or the Hitachi Plan would be liable for such alleged information or failure to inform. Accordingly, any difference between the benefit amount prescribed by the Policy issued by Liberty Life and the benefit amount Morgan asserts is owed or promised by Hitachi or the Hitachi Plan would be the result of such alleged conduct or inaction by Hitachi or the Hitachi Plan. Thus, such difference in the benefit amount would wholly be the responsibility of Hitachi or the Hitachi Plan and not the responsibility of Liberty Life or payable under the Policy.

Nevertheless, the Court's consideration of Morgan's (a)(1)(B) claim for recovery of benefits against Liberty Life reflects that Liberty Life conducted a full and fair review, including contacting Hitachi numerous times to confirm the benefit target compensation, which was consistent with the Policy definition of Pre-Disability Earnings. The administrative record

33 Admin. Record, Ex. 1, Policy, Liberty/Morgan 6 (Document 28-1, Page ID # 355).

34 Provisions should be interpreted according to their plain meaning in the ordinary and popular sense. Perez v. Aetna Life Ins. Co., 150 F.3d 550, (6th Cir. 1998).

35 Complaint at ¶¶ 66-76 (Document 1, Page ID #'s 10-11).

contains substantial evidence to support Liberty Life's decision that Morgan's LTD benefit amount was correct based on the Policy definition of Pre-Disability Earnings, and as verified by Hitachi. Liberty Life's decision was undoubtedly not only reasonable, but wholly correct, based on the Policy terms and the administrative record that was before it at the time it made its October 17, 2018, decision on Morgan's appeal. Therefore, Liberty Life's decision to deny the appeal of the calculation of Morgan's LTD benefits based on the benefit target compensation of $175,000.00 as reported and validated by Hitachi was not arbitrary and capricious, and Liberty Life's decision must be upheld by this Court.

## VI. CONCLUSION

Based on the administrative record and the relevant Policy, Liberty Life's decision to deny Morgan's appeal regarding the calculation of his LTD benefit was correct pursuant to the terms of the Policy. Therefore, Liberty Life requests that the Court deny Morgan's motion for partial summary judgment, enter a take-nothing judgment on Morgan's claims against Liberty Life in this action, and award Liberty Life its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

Dated this 28th day of December 2020.

Respectfully submitted,

/s/ Iwana Rademaekers
Iwana Rademaekers (Texas Id. No. 16452560)
(Admitted Pro Hac Vice)
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Direct: (214) 564-9542
Email: iwana@rademaekerslaw.com

TRIAL ATTORNEY FOR DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

- And -

David A. Riepenhoff (0075089)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF, LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
Telephone: (614) 221-1216
Facsimile: (614) 221-8769
Email: driepenhoff@fisheldowney.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 28th day of December 2020, the foregoing **DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** has been filed via the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the Court's electronic filing system.

/s/ Iwana Rademaekers
Iwana Rademaekers