IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD MORGAN, | § | |
| | § | |
| Plaintiff, | § | Case No. 2:19cv02982-EAS-CMV |
| | § | |
| v. | § | |
| | § | Chief District Judge Edmund A. Sargus, Jr. |
| HITACHI VANTARA CORPORATION, | § | |
| LIBERTY LIFE ASSURANCE COMPANY | § | |
| OF BOSTON, AND HITACHI DATA | § | Magistrate Judge Chelsey M. Vascura |
| SYSTEMS' HEALTH AND WELFARE | § | |
| BENEFITS PLAN, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S MOTION FOR ATTORNEY'S FEES AND COSTS AND BRIEF IN SUPPORT**

Defendant, Liberty Life Assurance Company of Boston,[1] ("Liberty Life") files this Motion for Attorneys' Fees and Costs. A memorandum in support of this motion is set forth below.

Respectfully submitted,

*/s/* Iwana Rademaekers

Iwana Rademaekers (Texas Id. No. 16452560)
(Admitted Pro Hac Vice)
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Direct: (214) 564-9542
Email: iwana@rademaekerslaw.com

TRIAL ATTORNEY FOR DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

1 Now known as Lincoln Life Assurance Company of Boston.

- And -

David A. Riepenhoff (0075089)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF, LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
Telephone: (614) 221-1216
Facsimile: (614) 221-8769
Email: driepenhoff@fisheldowney.com

## BRIEF IN SUPPORT

## I.
## BACKGROUND

On September 24, 2021, this Court rendered its Opinion and Order on the Cross-Motions for Summary Judgment filed by the parties in this case and entered Final Judgment in favor of Defendants. The Court's Opinion determined that "Liberty did not act in an arbitrary and capricious manner when it declined to adopt Plaintiff's interpretation and afford Plaintiff greater benefits."[2]

## II.
## AN AWARD OF ATTORNEYS' FEES AND COSTS TO LIBERTY LIFE SATISFIES THE FIVE-FACTOR KING TEST

ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Sixth Circuit has held that five factors are relevant for the Court to consider in weighing whether an award is appropriate. Secretary of the Department of Labor v. King, 775 F.2d 666 (6th Cir.1985); Gaeth v. Hartford Life Ins. Co., 538 F.3d 524 (6th Cir. 2008),

In this action, the five King factors weigh strongly in favor of an award of fees and expenses to Liberty Life. Examination of the nature of this case in light of the first factor, the degree of the opposing parties' culpability or bad faith, is exhibited by the Court's Opinion itself. The Court found "Liberty provided benefits to Plaintiff based on the policy it had with Hitachi. Its interpretation of the policy adhered to the plain language of the policy."[3] Further, "This language unambiguously provides for two methods of calculating earnings and provides that Hitachi decides which method to apply."[4] Given the facts at hand, there was simply no merit to

---

[2] Memorandum Opinion and Order (Document 56) at p. 7.
[3] Id. at p. 7.
[4] Id. at p. 5.

the Plaintiff's § 502(a)(1)(B) claim against Liberty Life based on the crystal clear language in the Policy.

The second King factor pertains to Plaintiff's ability to satisfy an award of attorneys' fees and expenses. Plaintiff's income from his employment at Hitachi was sizeable - $14,583.33 per month.[5] Additionally, Plaintiff currently receives LTD benefits of $8,750 per month from the Hitachi Plan under the Policy. Thus, it is reasonable to infer that Plaintiff is capable of satisfying the modest award requested here. Additionally, there is no evidence before the Court as to Plaintiff's fee arrangement with his counsel, and it is possible that Plaintiff was directly paying his attorney for his services, and thus, is also capable of paying an award of attorneys' fees and expenses to Liberty Life. Moreover, the Court could request information from Plaintiff to ascertain the amount of award appropriate given Plaintiff's financial circumstances. *See*, Epstein v. UNUM Life Ins. Co., CV 04-0400 SVW (C.D. Cal. Oct. 12, 2004) (plaintiff ordered to submit declaration of net worth and tax returns so the Court could determine the appropriate level of fee award) (copy attached).

The third King factor is whether an award of attorneys' fees and expenses against Plaintiff would deter others acting in similar circumstances. It is clear that an award against Plaintiff would deter cluttering the Court's docket with cases that raise ERISA claims that are without merit on their face. Such a fee award would deter other claimants from seeking litigation, when such litigation has no likelihood of success.

The fourth factor in King inquires whether the requesting party sought to benefit all participants and beneficiaries of an ERISA plan, or to resolve a significant question regarding ERISA. In this case, Liberty Life was simply required to defend itself in the meritless litigation

---

5 Administrative Record, (Document 28-3) at p. 1, (Liberty/Morgan 0076).

brought against it by Plaintiff. The success Liberty Life had in its defense benefits all participants in the plan from which Plaintiff had sought benefits in that Plaintiff was prevented from recovering on a meritless claim that if paid, would increase the cost of insuring the plan to either the plan sponsor and/or other participants. Therefore, this factor supports an award to Liberty Life.

The final King factor is the relative merits of the parties' positions. It is without question that this factor weighs heavily in favor of an award of fees and expenses to Liberty Life given the findings by the Court as discussed above. With all five of the King factors having been met, it is apparent that the Court should award Liberty Life recovery of its fees and expenses from Plaintiff.

## III.
## THE REASONABLE ATTORNEYS' FEES AND COSTS TOTAL $11,948.19

The reasonable attorneys' fees and expenses to be awarded to Liberty Life from Plaintiff are fully supported by the Affidavits of Iwana Rademaekers and of David Riepenhoff, attached hereto and incorporated herein. The lodestar fee amount is $11,092.50 as determined by multiplying the number of hours spent by counsel in the case (31.5 hours for Iwana Rademaekers and 4.4 hours for David Riepenhoff) by the hourly rates of $275 for Ms. Rademaekers and $200 for Mr. Riepenhoff and adding to that the number of hours spent by a paralegal in the case (15.5 hours) multiplied by the hourly rate of $100. The reasonable expenses incurred in the case are listed in the Bill of Costs filed simultaneously with this Motion and total $855.69. Accordingly, $11,948.19 is the reasonable fees and costs incurred by Liberty Life in this action, which Liberty Life requests the Court award to Liberty Life in this action.

**IV.**
## CONCLUSION AND PRAYER

Liberty Life requests that the Court: 1) find that an award to Liberty Life of reasonable attorneys' fees and expenses is appropriate in this case in consideration of the King factors; 2) enter an Order granting Liberty Life recovery of $11,948.19 in fees and costs from Plaintiff Gerald Morgan pursuant to 29 U.S.C. § 1132(g); and 3) award Liberty Life such other and further relief to which it may show itself entitled.

Dated this 8th day of October 2021.

Respectfully submitted,

*/s/* Iwana Rademaekers
Iwana Rademaekers (Texas Id. No. 16452560)
(Admitted Pro Hac Vice)
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Direct: (214) 564-9542
Email: iwana@rademaekerslaw.com

TRIAL ATTORNEY FOR DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

- And -

David A. Riepenhoff (0075089)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF, LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
Telephone: (614) 221-1216
Facsimile: (614) 221-8769
Email: driepenhoff@fisheldowney.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 8th day of October 2021, the foregoing **DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S MOTION FOR ATTORNEY'S FEES AND COSTS AND BRIEF IN SUPPORT** has been filed via the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the Court's electronic filing system.

/s/ Iwana Rademaekers
Iwana Rademaekers