United States District Court, C.D. California.

# EPSTEIN v. UNUM LIFE INSURANCE COMPANY

## CV 04-0400 SVW (FMOx). (C.D. Cal. Oct 12, 2004)

Decided October 12th, 2004

**EVA EPSTEIN Plaintiff, v. UNUM LIFE INSURANCE COMPANY OF AMERICA, a corporation; RETIX LTD PLAN, an ERISA plan; DOES 1 through 10, inclusive, Defendants.**

CV 04-0400 SVW (FMOx).

United States District Court, C.D. California.

October 12, 2004

---

## ORDER RE: DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA'S REQUEST FOR ATTORNEYS' FEES.

---

STEPHEN WILSON, District Judge

### I. FACTUAL PROCEDURAL BACKGROUND

Plaintiff was employed with Retix as a technical writer. On or about December 28, 1996, Plaintiff stopped working as a result of chronic fatigue disorder and fibromyalgia. Upon receiving reports from Plaintiff's physicians, Defendant Unum paid Plaintiff's disability benefits from March 29, 1997, through July 25, 2003. Although Plaintiff's physician continued to report that Plaintiff was unable to work and would likely never be able to work, Plaintiff worked part-time as a technical writer for several different companies during 2000-2002.

In February, 2001, Defendant Unum's physician determined that Plaintiff's alleged limitations were in conflict with the actual events of her life. Subsequently, in August, 2002, Defendant Unum's nurse determined that Plaintiff's physician's records did not support *2 Plaintiff's restrictions and limitations, and Plaintiff was not under treatment for symptom control or improvement.

Although Plaintiff reported to Unum that she had to stay in the house all the time, when Unum performed surveillance of Plaintiff, Unum discovered that she left her residence every day to run errands or take her daughter to school. Unum also saw Plaintiff running and pushing her daughter in a stroller.

On May 15, 2003, a Unum physician examined Plaintiff and determined that she suffered from fibromyalgia, but that she could return to work after participating in a work hardening program. Subsequently, that same physician was shown a video of the surveillance of Plaintiff, and determined that Plaintiff could return to work full time without participating in the program. Unum contacted Plaintiff and told her that she was no longer eligible for disability benefits. Plaintiff appealed the revocation of her benefits, and Unum conducted a review of Plaintiff's medical information. On January 8, 2004, Unum concluded that there was no evidence that Plaintiff could not work and declined to reverse its decision to revoke Plaintiff's benefits.

On January 22, 2004, Plaintiff filed a complaint alleging that Defendant Retix Ltd Plan was an ERISA plan and failed to pay Plaintiff disability benefits to which Plaintiff was entitled. Plaintiff further alleged that Defendant Unum Life Insurance of America was responsible for payment of the benefits, as insurer of the plan.

On August 3, 2003, the Court held a bench trial in this case, and determined that Plaintiff's testimony was not credible, so Plaintiff was not disabled and was not entitled to disability benefits. On August 26, 2003, Defendant Unum Life Insurance Company of America *3 submitted its proposed findings of fact and conclusions of law, in which Defendant sought an award of attorneys' fees. Plaintiff has objected to any award of attorneys' fees to Defendant. Plaintiff has not objected to any of Defendant's other proposed findings of fact or conclusions of law.

## II. DISCUSSION

A. Legal Standard

Plaintiff objects to Defendant Unum's fourteenth conclusion of law, which states as follows:

> Under 29 U.S.C. section 1132(g), a court in its discretion may award fees and costs of an action by a plan participant to either party. The Ninth Circuit has held that in exercising the discretion as to whether to grant attorney fees under ERISA, district courts should consider the following: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions." See Hummell v. S.E. Rykoff Co., 634 F.2d 446, 453 (9th Cir. 1980). These factors apply to either plaintiffs or defendants under an ERISA action. See Carpenters Southern California Administrative Corp., 726 F.2d 1410, 1416 (9th Cir. 1984) (the Ninth Circuit held that no one of the *4 Hummell factors, however, is necessarily decisive, and some may not be pertinent in a given case). As such, UNUM is entitled to an award of attorney's fees because the Court has concluded that Plaintiff is not credible, and was not truthful in her self-reported symptoms and limitations and thus has not demonstrated that she is "disabled" as defined under the Policy and precluded from performing any occupation.

(Def. Proposed Findings of Fact and Conclusions of Law at 22).

Three of these factors appear to support granting Defendant Unum's request for attorneys' fees: the degree of Plaintiff's culpability or bad faith, whether an award of fees against Plaintiff would deter others from acting under similar circumstances, and the relative merits of the parties' positions. On the other hand, two of the factors appear to caution against awarding Defendant Unum attorneys' fees: the ability of Plaintiff to satisfy an award of fees, and whether Defendant Unum sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA.

It is in the Court's discretion whether to award attorneys' fees to the prevailing party in an ERISA action. DeVoll v. Burdick Painting, Inc., 35 F.3d 408 (9th Cir. 1994); see also Franklin v. Thornton, 983 F.2d 939 (9th Cir. 1993) (holding that district court erred in awarding attorneys' fees without considering Hummell factors).

1. Plaintiff's Culpability or Bad Faith

In Seitzman v. Sun Life Assurance Co., 311 F.3d 477, 483-84 (2d Cir. 2002), the Second Circuit upheld the district court's finding *5 that the plaintiff brought

his claim for benefits in bad faith where the district court failed to credit most of the plaintiff's testimony about his medical problems. Although there was testimony from plaintiff's physician and medical expert that plaintiff had medical problems, the Second Circuit held that "[t]he citation of this evidence [did] not reasonably compel the finding that [plaintiff] reasonably believed he was entitled to benefits." Id. at 483.

Similarly, in this case, the Court has found that Plaintiff's testimony is incredible, and that Plaintiff was not truthful in her self-reported symptoms and limitations. Although there was testimony from Plaintiff's physician that Plaintiff was disabled, given that Plaintiff was untruthful in reporting her symptoms to her physician, this cannot provide a basis for Plaintiff's reasonable belief that she was entitled to benefits.

Since this Court's findings lead to the conclusion that Plaintiff brought this suit in bad faith, this factor weighs in favor of granting Defendant Unum's request for attorneys' fees.

2. Plaintiff's Ability to Pay

In examining Defendant Unum's Proposed Findings of Fact, it is difficult to determine Plaintiff's ability to pay. Thus, the Court ORDERS Plaintiff to submit a declaration of her family's net worth under penalty of perjury, including copies of her last three income tax returns. However, even if Plaintiff's ability to pay is determined to be minimal, this would not bar the Court from awarding Defendant Unum some attorneys' fees.

In Little v. Cox's Supermarkets, 71 F.3d 637, 644-45 (7th Cir. 1995), the Seventh Circuit upheld an award of attorneys' fees against *6 an individual ERISA plaintiff who had meager assets, and whose counsel was a solo practitioner. Although the defendant's total attorneys fees amounted to $50,000, the district court awarded defendant $1,000, assessed against the plaintiff and her counsel jointly and severally, because of the plaintiff's minimal ability to pay. Id. at 644. Thus, because the Court finds that the factors as a whole weigh in favor of an award of attorneys' fees, even if the Court finds that Plaintiff lacks the resources to pay a substantial award of attorneys' fees, the Court will award some level of attorneys' fees to Defendant Unum.

3. Deterrence

Although the Ninth Circuit has held that this factor is "`more appropriate to a determination of whether to award fees to a plaintiff than a defendant,'" this factor does apply in this case. Tingey v. Pixley-Richards West, Inc., 958 F.2d 908, 909 (1992). In this case, the Court has made a finding that Plaintiff's testimony was incredible and that Plaintiff was not truthful in her self-reported symptoms and limitations. This means that Plaintiff's claim for relief was groundless, and the Ninth Circuit has held that awarding attorneys' fees to defendants in such a situation "serve[s] the purposes of ERISA by discouraging other litigants from relentlessly pursuing groundless claims." Credit Managers Ass'n v. Kennesaw Life Accident Ins. Co., 25 F.3d 743, 748 (9th Cir. 1994).

Plaintiff argues that deterring individual plaintiffs in this fashion is unnecessary, since most ERISA plaintiffs must hire contingent fee attorneys because they lack resources, and these attorneys will not accept frivolous cases on a contingency basis. Plaintiff further argues that the real effect of awarding Defendant *7 Unum attorneys' fees in a case such as this will be to deter plaintiffs with meritorious cases from bringing suit for fear of being saddled with attorneys' fees if they lose on the merits.

However, it is not necessarily true that the contingent fee system is sufficient to deter frivolous claims. This is the case because, like in Credit Managers Ass'n, plaintiffs may pursue frivolous claims "solely for the purpose of extracting a settlement" from defendants, and the threat of an attorneys' fees award against such plaintiffs may help deter that type of behavior.

In addition, since the Ninth Circuit generally disfavors awards of attorneys' fees against individual plaintiffs where their suits are brought in good faith, as discussed below, the threat of attorneys fees should not deter plaintiffs from bringing suits in good faith.

Thus, this factor weighs in favor of granting Defendant Unum's request for attorneys' fees.

4. Whether Defendant Sought to Benefit All Participants

Although it appears that this factor counsels against an award of attorneys' fees to Defendant Unum, since Defendant Unum sought to benefit itself by defending the lawsuit to prevent itself from having to pay Plaintiff benefits, the Ninth Circuit has held that this factor is "`more appropriate to a determination of whether to award fees to a plaintiff than a defendant,'" and is therefore not necessarily relevant to a determination of whether to award Defendant Unum fees in this case. Tingey, 958 F.2d at 909, quoting Marquardt v. N. Am. Car Corp., 652 F.2d 715, 719 (7th Cir. 1981).

In addition, an argument could be made that by defending against actions by employees who attempt to collect benefits when they are not *8 really disabled, Defendant Unum does seek to benefit all participants by keeping the costs of the system low for the all workers who participate in ERISA plans.

Thus, this factor likely does not apply. If it does apply, it weighs slightly in favor of denying Defendant Unum's request for attorneys' fees.

5. Relative Merits of Parties' Positions

This factor clearly weighs in favor of Defendant Unum. The Court found that Plaintiff's testimony regarding her alleged disability was incredible, and that Plaintiff was not truthful in her self-reported symptoms and limitations. Thus, Plaintiff's position was wholly without merit.

B. Attorneys' Fees Awards Against Individual Plaintiffs

Plaintiff argues that it would be improper for the Court to award Defendant Unum attorneys' fees, citing the Ninth Circuit's "disfavor of awards of attorney fees against individual ERISA plaintiffs who seek pension benefits to which they believe they are entitled." Credit Managers Ass'n, 25 F.3d at 748. However, in the very case Plaintiff cites in opposition to the award of attorneys' fees to Defendant Unum, the Ninth Circuit upheld the district court's award of attorneys' fees to the defendant insurer, finding inapplicable the other Ninth Circuit cases "indicating that this court disfavors the award of attorney's fees against ERISA plaintiffs." Id. In upholding the district court's award of attorneys' fees to the defendant insurer in that case, the Ninth Circuit stressed the importance of *9 "discouraging other litigants from relentlessly pursuing groundless claims." Id.

In addition, in the other case cited by Plaintiff for the proposition that attorneys' fees should not be awarded against ERISA plaintiffs, the litigated question was a technical legal question regarding ERISA preemption, and the Ninth Circuit did not perceive "any bad faith" on the part of the plaintiffs in pursuing their claim. Tingey, 958 F.2d at 909.

In this case, the Court made a finding that Plaintiff's testimony was incredible and there was evidence in the form of a video to show that Plaintiff was untruthful in her self-reported symptoms and limitations. This case is like Credit Managers Ass'n, in which the Ninth Circuit found the cases disfavoring attorneys' fees awards against plaintiffs to be inapplicable, because it is important to discourage other litigants from pursuing these types of claims. This case is unlike Tingey, in which the Ninth Circuit declined to award attorneys' fees to the prevailing defendant where there was no evidence of bad faith on the plaintiffs' part.

Thus, although it is true that the Ninth Circuit generally disfavors attorneys' fees awards against individual

plaintiffs in ERISA cases, it is within the Court's discretion to award attorneys' fees to Defendant Unum in this case, based on the Court's findings in this case, and Defendant Unum's request for attorneys' fees is GRANTED.

## III. CONCLUSION

Because Plaintiff brought this suit in bad faith; the award of attorneys' fees in favor of Defendant Unum would deter others from *10 bringing similar groundless suits; and the relative merits of the parties positions weighs in favor of Defendant Unum, Defendant Unum's request for attorneys' fees is GRANTED.

In order to aid the Court in determining the appropriate level of the fee award, Plaintiff is ORDERED to submit a declaration of her family's net worth under penalty of perjury, including copies of her last three income tax returns, by October 27, 2004.

IT IS SO ORDERED.