**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GERALD MORGAN,** | : | |
| | : | **Case No. 2:19-cv-2982** |
| **Plaintiff,** | : | |
| | : | **Judge Sargus** |
| **v.** | : | |
| | : | **Magistrate Judge Vascura** |
| **HITACHI VANTARA CORPORATION et al.,** | : | |
| | : | |
| **Defendants.** | : | |

---

# PLAINTIFF GERALD MORGAN'S MEMORANDUM IN OPPOSITION TO DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S MOTION FOR ATTORNEY'S FEES AND COSTS

---

Now comes Plaintiff Gerald Morgan ("Morgan"), by and through counsel, and hereby responds in opposition to Defendant Liberty Life Assurance Company of Boston's ("Liberty") Motion for Attorney's Fees and Costs. (DKT # 58).

## I. INTRODUCTION.

In its Opinion dated September 24, 2021, this Court granted Defendants' respective Motions for Summary Judgment and denied Plaintiff's Motion for Partial Summary Judgment. Now Defendant Liberty seeks an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1). Defendant Liberty requests $11,092.50 in attorney's fees and $855.69 in costs for a total of $11,948.19. In seeking such an award, Liberty misapplies the five factor test articulated by the United States Court of Appeals for the Sixth Circuit in *Secretary of Department of Labor v. King*, 775 F.2d 666 (6th Cir. 1985). Fairly considered given the facts of this case, these factors establish that the Court should deny Liberty's Motion for Attorney's Fees and Costs.

## II. ARGUMENT.

### A. Legal Standard.

In an action brought under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The United States Court of Appeals for the Sixth Circuit has identified the following five factors as relevant to the Court's decision on whether to grant attorney's fees and costs:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Secretary of Department of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985). "No single factor is determinative." *Trustees of Detroit Carpenters Fringe Benefits Fund v. Patrie Constr. Co.*, 618 Fed.Appx. 246, 258 (6th Cir. 2015). Only one of the five factors narrowly supports Liberty's Motion. The other four factors favor denial of Liberty's Motion. Accordingly, this Court should deny Liberty's Motion.

### B. The Five Factor *King* Test Weighs in Favor of Denying Liberty's Motion for Attorney's Fees and Costs.

The first factor for this Court to consider is the degree of Plaintiff's culpability or bad faith in bringing his claims under ERISA. In its Motion, Liberty essentially argues that because the Court ruled in its favor, *ipso facto*, Plaintiff must have acted with a degree of culpability or bad faith in bringing his claim. That could not be further from the truth. *See Warner v. DSM Pharmacy Chemicals North America, Inc.*, 452 Fed. Appx. 677, 681 (6th Cir. 2011) ("[S]imply making a losing legal argument is not enough to trigger the obligation to pay fees under 29 U.S.C. § 1132 (g)(1)."); *Geiger v. Aetna Life Insurance Co.*, Case No. 15-cv-3791, 2016 WL 5391206 at *5 (N.D.

Ill. Sep. 27, 2016) ("Given the deferential standard of review in ERISA denial-of-benefit cases in which the plan administrator has discretionary authority, [plaintiffs face] an uphill battle to prevail in [their] claim[s] for benefits.").

Plaintiff Morgan brought his claim against Liberty in good faith, seeking what he believed he was owed based on the relevant Plan documents and prior communications (or lack thereof) with his employer, Hitachi Data Systems, LLC ("Hitachi") and Liberty. *See* Affidavit of Kristin Seifert Watson, attached, at ¶ 5; *see also Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550, 557 (6th Cir. 1987). Contrary to Liberty's contention, the Policy language was not "crystal clear." (DKT # 58, Page ID # 2619). Morgan argued as much. Nowhere in the Plan Document was the term "benefit target compensation amount" defined. Nor was Morgan properly notified that his long-term disability benefits would be based on such a figure. As a result, Morgan asserted that Liberty acted in an arbitrary and capricious manner by utilizing what appeared to be a random number provided by Hitachi to determine his monthly benefit, as opposed to a number based on the information he had provided throughout the claims process.

What is more, a showing of bad faith or culpability often involves demonstrating that the plaintiff's claim was brought for some improper purpose. *See, e.g.*, *Actors' Equity Ass'n v. American Dinner Theatre Institute*, 802 F.2d 1038, 1043 (8th Cir. 1986) (noting that bad faith in the context of a claim brought under the LMRDA would be evidenced by "a frivolous contention for an ulterior purpose, such as harassment or delay."); *Hoover v. Armco, Inc.*, 915 F.2d 355, 357 (8th Cir. 1990) (finding bad faith where plaintiff brought claim out of spite.). Morgan's claim against Liberty, along with his conduct throughout the course of the litigation, do not support the conclusion that he acted with any degree of culpability or bad faith in bringing his claim. *See*

Seifert Watson Affidavit, ¶ 5; *see also Firestone Tire & Rubber Co.*, 810 F.2d at 557. Thus, this factor cuts against granting Liberty's Motion for attorney's fees and costs.

The second factor, the opposing party's ability to satisfy an award of attorney's fees, also weighs against granting Liberty's Motion. In support of its assertion that Morgan can satisfy the $11,948.19 requested award, Liberty points to (1) Morgan's previous monthly income from his employment at Hitachi, and (2) his current LTD monthly benefits from the Hitachi Plan under the Policy. (DKT # 58, Page ID # 2619). Yet Liberty fails to consider the extensive medical expenses related to Morgan's various health conditions and the previous surgeries associated therewith. Furthermore, given the present condition of Morgan's health, there is no indication that he will ever return to work. *See* Affidavit of Gerald Morgan, attached. Taken together, these facts indicate that the requested Attorney's fees of $11,948.19 would be difficult for Morgan to satisfy on a permanent fixed income.

The third factor, the deterrent effect of an award on other persons under similar circumstances, also supports denial of Liberty's Motion. Liberty contends that "an award against Plaintiff would deter cluttering the Court's docket with cases that raise ERISA claims that are without merit on their face." (DKT # 58, Page ID # 2619). As the United States Court of Appeals for the Sixth Circuit has recognized, "fee awards are likely to have the greatest deterrent effect where deliberate misconduct is in the offing." *Foltice v. Guardsman Products, Inc.*, 98 F.3d 933, 937 (6th Cir. 1996). That is not the case here. As discussed *supra*, Plaintiff's claim was not without merit on its face. Nor did Plaintiff act in a manner indicating bad faith or culpability. An award against Plaintiff would only serve to chill future participants under ERISA from pursuing claims to enforce their statutory rights. *See Duncan v. Minnesota Life Insurance Company,* Case No. 3:17-cv-0025, 2021 WL 1759634 at *2 (S.D. Ohio May 4, 2021); *Toussaint v. JJ Weiser, Inc.*, 648 F.3d

108, 111 (2d Cir. 2011). Further, the unique fact pattern at issue herein is unlikely to be replicated, so no deterrent effect would exist. As such, this factor weighs against Liberty's position.

The fourth factor concerns the conferment of a common benefit upon all participants and beneficiaries or the resolution of significant legal questions related to ERISA by the party requesting attorney's fees and costs. "The purpose of this factor is to favor an award of attorney's fees to a plaintiff who challenges the denial of benefits." *Hall v. Ohio Education Association*, 984 F.Supp. 1144, 1148 (S.D. Ohio 1997). In effect, Liberty argues that it satisfies this factor because it successfully defended itself against Morgan's claim, which maintains costs associated with the Plan, and therefore benefits all participants and plan sponsors under the Plan. (DKT # 58, Page ID # 2620). This Court has found similar arguments "[do] not weigh strongly either way." *See Duncan,* 2021 WL 1759634 at *2 (finding Minnesota Life's argument that the cost of defending against allegedly frivolous claims or settling lawsuits has detrimental impacts on beneficiaries and participants as inapplicable.). Hence, the fourth factor is either neutral or irrelevant. In any event, it does not lend support to Liberty's argument that it is entitled to attorney's fees and costs.

Regarding the fifth factor, the relative merits of the parties' positions, Liberty is naturally favored slightly, seeing as this Court granted Liberty's Motion for Summary Judgment, not Morgan's. However, Morgan's position was not without merit and was argued in good faith. Consequently, this factor does not come close to tipping the scale in favor of granting Liberty's Motion for attorney's fees and costs.

## III. CONCLUSION.

For the reasons stated above, the five *King* factors do not support Liberty's Motion for Attorney's Fees and Costs. Accordingly, Plaintiff Gerald Morgan respectfully requests that the Court deny Liberty's Motion.

Respectfully submitted,

/s/ Kristin Seifert Watson
Kristin Seifert Watson (0078032)
Cloppert, Latanick, Sauter & Washburn
225 East Broad Street, 4th Floor
Columbus, Ohio 43215-3709
Telephone: (614) 461-4455
Facsimile: (614) 621-6293
E-mail kwatson@cloppertlaw.com

*Trial Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing though the Court's system.

/s/ Kristin Seifert Watson
Kristin Seifert Watson (0078032)