IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD MORGAN, | § | |
| | § | |
| Plaintiff, | § | Case No. 2:19cv02982-EAS-CMV |
| | § | |
| v. | § | |
| | § | Chief District Judge Edmund A. Sargus, Jr. |
| HITACHI VANTARA CORPORATION, | § | |
| LIBERTY LIFE ASSURANCE COMPANY | § | |
| OF BOSTON, AND HITACHI DATA | § | Magistrate Judge Chelsey M. Vascura |
| SYSTEMS' HEALTH AND WELFARE | § | |
| BENEFITS PLAN, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR ATTORNEY'S FEES AND COSTS**

Defendant, Liberty Life Assurance Company of Boston,[1] ("Liberty Life") files this Reply Memorandum in support of its Motion for Attorneys' Fees and Costs.

## I.
## AN AWARD OF ATTORNEYS' FEES AND COSTS TO LIBERTY LIFE IS PROPER UNDER SECTION 1132(g).

While the King factors are instructive, the US Supreme Court has noted that because these factors do not have a relationship to the text of § 1132(g), "they are not required for channeling a court's discretion when awarding fees under this section." Hardt v. Reliance Std. Life Ins. Co., 560 U.S. 242, 255 (2010). Additionally, Liberty Life agrees with Plaintiff that the fourth factor of the King test is irrelevant in an action such as this in which Liberty Life was simply defending itself against Plaintiff's claims. Hall v. Ohio Educ. Ass'n, 984 F. Supp. 1144,

[1] Now known as Lincoln Life Assurance Company of Boston.

1148 (S.D. Ohio 1997). However, the remaining King factors support the fee award requested by Liberty Life, the amount of which has not been challenged by Plaintiff as unreasonable.

First, both the first and the fifth factor support the award in that the plain language of the Policy dictated the decision on the Plaintiff's claim against Liberty Life. There is no assertion that Plaintiff or his counsel acted in bad faith, but the Court's statement in the opinion strongly suggests there was no merit to Plaintiff's claim against Liberty Life. "This [Policy] language unambiguously provides for two methods of calculating earnings and provides that Hitachi decides which method to apply."[2] Given the straightforward language of the Policy, Plaintiff's § 502(a)(1)(B) claim against Liberty Life should not have been brought. Therefore, the first and fifth factors weigh in favor of granting Liberty Life's Motion. Moreover, this dovetails into the third factor regarding deterrence against bringing such claims.

Plaintiff's response to Liberty Life's Motion attached an Affidavit from Plaintiff[3] that is meant to address his ability to satisfy an award of attorneys' fees and expenses. However, it fails to achieve this aim, as it only addresses Plaintiff's future employment and future income prospects. There is a notable and glaring omission that would address the factor head on, which is information regarding his <u>current</u> resources available to satisfy the requested award, such as savings or investments. Plaintiff also did not address how the considerable fees to his own attorneys were paid in the Affidavit. Nevertheless, given the amounts of his past income and continued LTD benefits, it is reasonable to infer he has the ability to pay this modest amount of $11,948.19 from such resources.

---

2 Opinion and Order (ECF 56 at PageID 2609) at p. 5.

3 Affidavit of Gerald Morgan (ECF 59-2 at PageID 2651 at p.1.

**II.**
**CONCLUSION AND PRAYER**

Liberty Life requests that the Court: 1) find that an award to Liberty Life of reasonable attorneys' fees and expenses is appropriate in this case in consideration of the King factors; 2) enter an Order granting Liberty Life recovery of $11,948.19 in fees and costs from Plaintiff Gerald Morgan pursuant to 29 U.S.C. § 1132(g); and 3) award Liberty Life such other and further relief to which it may show itself entitled.

Dated this 10th day of November 2021.

Respectfully submitted,

/s/ Iwana Rademaekers

Iwana Rademaekers (Texas Id. No. 16452560)
(Admitted Pro Hac Vice)
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Direct: (214) 564-9542
Email: iwana@rademaekerslaw.com

TRIAL ATTORNEY FOR DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON

- And -

David A. Riepenhoff (0075089)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF, LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
Telephone: (614) 221-1216
Facsimile: (614) 221-8769
Email: driepenhoff@fisheldowney.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 10th day of November 2021, the foregoing **DEFENDANT LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR ATTORNEY'S FEES AND COSTS** has been filed via the Court's electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the Court's electronic filing system.

/s/ Iwana Rademaekers
Iwana Rademaekers