UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GERALD MORGAN,

    Plaintiff,

v.

HITACHI VANTARA CORP., *et al.*,

    Defendants.

Case No. 2:19-cv-2982
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

The matter before the Court on Defendant Liberty Life Assurance Company of Boston's ("Liberty") Motion for Attorney's Fees. (ECF No. 58.) For the reasons stated herein, Defendant's motion is **DENIED**. (*Id.*)

## I.

Plaintiff Gerald Morgan ("Morgan") filed this action pursuant to the Employee Retirement Income Security Act of 1974, 28 U.S.C. § 1001 *et seq.* ("ERISA") claiming Defendant Liberty Life Assurance Company ("Liberty") incorrectly calculated his long-term disability ("LTD") benefits through his employer's insurance plan. The parties filed cross-motions for summary judgment, and in an Order and Opinion issued on September 24, 2021 (the "Opinion"), the Court granted Liberty's motion. (ECF No. 56.) Liberty now moves for an award of attorney's fees in the amount of $11,948.18. (ECF No. 58.)

## II.

ERISA vests district courts with the discretion to award "reasonable attorney's fees and costs of the action to either party." 29 U.S.C. § 1132(g)(1). In *Sec'y of Dep't of Lab. v. King*, the United States Court of Appeals for the Sixth Circuit spelled out a five-factor test for courts to

1

employ in determining "whether to grant attorneys' fees under ERISA." 775 F.2d 666, 669 (6th Cir. 1985). Such includes:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Id.*; *see also Moon v. Unum Provident Corp.*, 461 F.3d 639, 642 (6th Cir. 2006). None of the five factors standing alone is determinative, and the Court must consider each in deciding whether to award attorney's fees. *Id.* at 642-43.

### III.

Both parties agree that the fourth factor is neutral in this case. And Morgan concedes that the fifth factor weighs in Liberty's favor giving this Court's disposition of his claim. Thus, the Court will focus its analysis on the other three factors, which remain in dispute.

### A. Factor One: Culpability or Bad Faith

The threshold for culpability or bad faith in an ERISA action is, generally speaking, a high one. An ERISA plaintiff is said to act "culpably" or in bad faith when, for example, he or she brings "near frivolous" claims, unnecessarily prolongs litigation, files unreliable briefs, or pursues arguments even after their rejection by the court. *See Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 445 (6th Cir. 2006). In other words, there must be some indicia that the plaintiff acted with an "improper purpose." *See, e.g.*, *Wolf v. Causley Trucking Inc.*, No. 15-CV-12530, 2017 WL 5291488, at *3 (E.D. Mich. Nov. 13, 2017).

Liberty essentially concedes that there is no basis to assert that Morgan brought his ERISA claim in bad faith. Even so, it argues that the first factor weighs in its favor given that "there was no merit to [Morgan's] claim" in the first place. (ECF No. 60 at PageID #2654.)

2

It is unclear what exactly Liberty is suggesting by this observation if not that Morgan acted "culpab[ly] or [in] bad faith" by bringing an unmeritorious claim. In any event, the Court finds Liberty's position unpersuasive. Morgan had an honest basis to file his ERISA claim: he believed that his LTD benefits "should have been calculated based on his base pay and STI target," and that Liberty "acted arbitrarily and capriciously by failing to consider [his] arguments and evidence." (Op. & Order, ECF No. 56 at PageID #2610.) Morgan was incorrect. But that does not mean he exercised his rights under ERISA in "bad faith," or that he is "culpable" for anything other than having an unmeritorious position. *See Wolf*, 2017 WL 5291488 at *3 ("[T]here mere fact that an action is without merit does not amount to bad faith.") (citation omitted).

Thus, the first *King* factor does not weigh in Liberty's favor.

### B. Factor Two: Opposing Party's Ability to Satisfy the Award

Liberty asserts that Morgan can afford to pay the reasonable attorney's fees because his "income from his employment at Hitachi"—which ended in 2015—"was sizeable," amounting to $14,583.33 per month. (ECF No. 58 at PageID #2619.) Liberty also notes that Morgan "currently received LTD benefits of $8,750 per month" under the LTD Plan. (*Id.*) On that basis, Liberty notes, "it is reasonable to infer that [Morgan] is capable of satisfying the modest award requested here." (*Id.*) Morgan, in response, asserts he has incurred "extensive medical expenses" from various health conditions and surgeries, and notes that "there is no indication . . . he will ever return to work." (ECF No. 59 at PageID #2645); (Affidavit of Gerald Morgan, ECF No. 59-2, ¶¶ 2-5.) To that extent, he states it "would be difficult" for him to satisfy an award of attorney's fees. (ECF No. 59 at PageID #2645.)

Morgan, in other words, does not deny that he has the baseline ability to pay Liberty's fee request. That said, it is apparent enough that his ability to do so—especially in light of his medical

3

conditions—is secondary in comparison to a larger company like Liberty. *See Hooper v. Adams*, No. 3:08-1121, 2010 WL 2505684, at *1 (M.D. Tenn. June 18, 2020) (considering the fact an award of "attorney fees would significant decrease" the assets of the plaintiffs' benefit plan).

Accordingly, the Court finds the second *King* factor to militate only modestly in Liberty's favor.

### C. Factor Three: Deterrent Effect of an Award

Liberty contends that "an award of attorneys' fees and expenses against [Morgan] . . . would deter cluttering" court dockets with "ERISA claims that are unmeritorious on their face." (ECF No. 58 at PageID #2620.) Morgan takes issue with this characterization of his claim, noting that the terms of his LTD policy were less than clear, and that, given his lack of proper notification as to how his LTD benefits would be calculated, he had a reasonable basis to challenge Liberty's benefits determination. (ECF No. 59 at PageID #2644-45.) He further contends (1) that awarding fees here would "only serve to chill future participants under ERISA from pursuing claims to enforce their statutory rights," and (2) that his case's "unique fact pattern is unlikely to be replicated," meaning that an award of fees would have no meaningful "deterrent effect." (*Id.*)

Liberty explained to Morgan why his LTD benefit calculation was based on a "benefit target compensation amount" of $175,000 several times. (Op. & Order, ECF No. 56 at PageID #2607.) Morgan simply disagreed with Liberty's decision to use that number. (*Id.*) That is not exactly a unique circumstance in ERISA litigation. Even so, honest "mistakes" in matters of plan interpretation "are bound to happen from time to time, and fee awards are likely to have the greatest deterrent effect where deliberate misconduct is in the offing." *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 937 (6th Cir. 1996). This, as noted, is not a case of "deliberate misconduct." *Id.* And given ERISA's baseline purpose to "protect . . . the interests of participants in employee benefit

4

plans and their beneficiaries," the Court is not exactly inclined to punish a plaintiff like Morgan for seeking to exercise his ERISA rights in good faith. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (6th Cir. 2004). Nor is it persuaded that doing so will have any true "deterrent effect" on others who wish to do the same.

Thus, the third *King* factor does not weigh in Liberty's favor.

## IV.

The Court pauses here to note that the attorney's fees requested here—which, as noted, total $11,948.18—are remarkably reasonable. The Court simply wishes to commend counsel for both efficient and professional services.

## V.

Of the five *King* factors, only the second and fifth—*i.e.*, Morgan's ability to pay and the "relative merits" of his ERISA claim—weigh in favor of granting Liberty's fee request. This, in the Court's view, is not enough to render an award of attorney's fees appropriate. Accordingly, Liberty's Motion for Attorney's Fees is **DENIED**. (ECF No. 58.)

This case shall remain closed.

**IT IS SO ORDERED.**

<u>**9/23/2022**</u>                                              <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                                                         **EDMUND A. SARGUS, JR.**
                                                                 **UNITED STATES DISTRICT JUDGE**